IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

*In re JP Morgan Chase Cash Sweep Program*

Case No. 24-cv-06404-LGS

**PLAINTIFF LOPEZ'S OPPOSITION TO PLAINTIFF CANALES' MOTION TO APPOINT INTERIM CO-LEAD SUBCLASS COUNSEL OR, IN THE ALTERNATIVE, MOTION TO AMEND PLAINTIFF BODEA'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

Plaintiff Lopez respectfully submits this opposition to Plaintiff Canales' Motion to Appoint Interim Co-Lead Subclass Counsel or, in the alternative, moves to amend Plaintiff Bodea's Motion for Appointment of Interim Class Counsel.

**INTRODUCTION**

On October 15, 2024, Plaintiff Bodea submitted a Motion to appoint Berger Montague PC ("BMPC") as Interim Lead Counsel and Berger & Grossman LLP ("BLB&G") as Local Counsel in the above-captioned consolidated action (the "Action"). ECF No. 38 ("Bodea Motion"). Plaintiff Bodea filed the Bodea Motion with the support of counsel for Plaintiff Lopez. ECF No. 39 at 2 n. 1. Plaintiff Lopez continues to support the lead and local counsel structure set forth in Plaintiff Bodea's Motion. Plaintiff Lopez maintains that the leadership structure proposed by Plaintiff Bodea adequately protects the interests of all potential class members and that the appointment of individual retirement accountholder subclass counsel is unwarranted at this time. Joint Letter at 2 (Nov. 15, 2024), 24-cv-08377, ECF No. 39.

However, assuming the Court determines that subclass counsel should be appointed at this time to represent the retirement accountholder plaintiffs, Plaintiff Lopez respectfully requests that his counsel, Linda P. Nussbaum of Nussbaum Law Group, P.C. ("NLG") be appointed as Interim

Subclass Counsel for the brokerage accountholder plaintiffs.

## ARGUMENT

### I. The Interests of all Potential Class Members Are Protected by the Bodea Leadership Structure

Plaintiff Canales argues that a subclass is necessary to address purported conflicting interests between brokerage accountholders who seek to certify a class of "all persons who held cash positions in accounts custodied by Defendants, and whose cash was subject to Defendants' Bank Deposit Sweep Program" and the more narrowly defined class of retirement accountholders seeking to certify "all persons who held cash positions in *retirement accounts* custodied by Defendants and whose cash was subject to Defendants' Bank Deposit Sweep Program." Canales Motion at 3 (ECF No. 53), *see also* Joint Letter at 2. Rather than creating a conflict, the purported retirement account subclass is, by definition, subsumed within the class articulated in the Bodea and Lopez Actions and, thus, the interests of *all* putative class members are protected by Plaintiff Bodea's proposed leadership structure.

In his Motion, Plaintiff Canales fails to identify any actual conflict, no less a "fundamental conflict," that would warrant dividing the current class as defined in the Bodea and Lopez complaints into subclasses requiring separate representation. *Charron v. Wiener*, 731 F.3d 241, 250 (2d Cir. 2013). Canales attempts to manufacture a conflict based on a purported contractual obligation to pay reasonable interest rates unique to retirement accountholders. Canales Motion at 12. However, both the Lopez and Bodea complaints each contain similar allegations that Defendants failed to pay a reasonable rate of interest to accountholders. *See* Lopez Compl. at ¶ 38, ECF No. 1, Bodea Compl. at ¶ 32, ECF No. 1. Accordingly, at this phase in the litigation, no conflict can be said to exist among the members of the class, and the leadership structure proposed by Plaintiff Bodea appears to be capable of fairly and efficiently prosecuting the claims of the

entire class. Should an actual or potential conflict develop at some future date, the Court has the power to address such conflicts or potential conflicts as they arise.

    II.    **If the Court Determines to Appoint Subclass Counsel for the Retirement Accountholder Plaintiffs than Plaintiff Lopez Respectfully Requests that the Court also Appoint Linda P. Nussbaum as Interim Subclass Counsel for the Brokerage Accountholder Plaintiffs**

Although counsel for Plaintiff Lopez believes that any arguments as to conflicts is premature, if the Court determines that a conflict or potential conflict exists and that a separate retirement accountholder subclass represented by separate counsel is appropriate, than Plaintiff Lopez respectfully requests that the Court appoint Ms. Nussbaum of NLG as Interim Subclass Counsel for the brokerage accountholder plaintiffs. Ms. Nussbaum was previously appointed by this court to a similar role in the *Forex Litigation* where Ms. Nussbaum served as Co-Allocation Counsel for the Exchange-Only Settlement Class. No. 13-CV-07789-LGS (S.D.N.Y.).

To the extent that the Court does decide to appoint separate interim subclass counsel, counsel for Plaintiff Lopez envisions that the role would be limited to working with Lead Counsel in an efficient manner to address specific areas of potential conflict or with respect to damages allocation, similar to the work performed by allocation counsel in the *Forex Litigation*.

    a.    **Ms. Nussbaum Possesses the Requisite Experience, Knowledge, Resources, and Personal Commitment to Prosecute This Case on Behalf of the Proposed Class**

Ms. Nussbaum has been a leader of the plaintiffs' class action bar for over 35 years. After practicing as a senior partner in two preeminent plaintiffs' firms, Ms. Nussbaum formed NLG in April 2015 as a woman-owned and led firm prosecuting precedent-setting class litigation with the singular focus of providing the highest level of service and best results. *See* NLG Firm Resume attached hereto as Ex. 1.

Ms. Nussbaum has extensive experience in leading and successfully litigating complex

class actions and has successfully served as either sole or co-lead counsel over 25 times throughout her career, including in cases involving large financial institutions such as: *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 05-md-1720 (E.D.N.Y.); *In re Bank of Nova Scotia Spoofing Litig.,* No. 20-cv-11059 (D.N.J.); and *In re Zinc Antitrust Litig.*, No. 14-cv-3728 (S.D.N.Y.). Ms. Nussbaum has also been a trial team member in several class actions. Although most commenced trial and then settled at some point before verdict, Ms. Nussbaum served as one of two lead trial counsel in a five-week, landmark RICO jury trial on behalf of her client Kaiser Foundation Health Plan, Inc., obtaining a verdict and substantial damages (which were trebled and upheld on appeal). *In re Neurontin Marketing and Sales Practices Litig.*, No. 04cv10981 (D. Mass.).

Ms. Nussbaum is a committed team-player with a track-record of collaborating effectively with co-counsel to unite differing strategies and litigation styles into an effective prosecution team. For example, Ms. Nussbaum presently serves as a PSC member for the direct purchaser class in *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, 16-ND-2724 (E.D. Pa.), involving multiple private plaintiff classes, as well as state and federal regulators, and individual plaintiffs. Ms. Nussbaum will litigate efficiently along with other appointed counsel.

## CONCLUSION

For the foregoing reasons, Plaintiff Lopez respectfully requests that the Court deny Plaintiff Canales' Motion. However, should the Canales Motion be granted, Plaintiff Lopez respectfully requests that the Court appoint Linda P. Nussbaum as Interim Subclass Counsel for the brokerage accountholder plaintiffs.

Dated: December 10, 2024                                       Respectfully submitted,

                                                                                    */s/Linda P. Nussbaum*
                                                                                    Linda P. Nussbaum (Bar #LN-9336)

4

**NUSSBAUM LAW GROUP, P.C.**
1133 Avenue of the Americas, 31st Floor
New York, NY 10036
Telephone: (917) 438-9189
lnussbaum@nussbaumpc.com

*Attorney for Kenneth Lopez, individually
and on behalf of all others similarly situated*

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 10, 2024, the foregoing was filed using the Court's CM/ECF system and will be served via the Court's CM/ECF filing system on all attorneys of record.

<i>/s/ Linda P. Nussbaum</i><br>
Linda P. Nussbaum