July 11, 2025

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__7/16/2025__

<u>VIA ECF</u>

Chief Magistrate Judge Sarah Netburn
United States District Court
for the Southern District of New York
40 Foley Square, Room 430
New York, NY 10007

     Re:     <u>*In re JP Morgan Chase Cash Sweep Program*</u>, 1:24-cv-06404-LGS-SN

Dear Judge Netburn:

     The parties respectfully submit this joint letter pursuant to Your Honor's Order dated June 30, 2025 in the above-captioned action regarding a joint proposed protective order and ESI protocol. *See* ECF 105.

     The parties have reached agreement regarding the attached Stipulation and [Proposed] Protective Order and respectfully request that it be So-Ordered by Your Honor.

     The parties have not agreed to a joint ESI protocol. Pursuant to the Court's Order, the parties will submit their respective proposals and corresponding letters supporting their positions this evening.

Respectfully submitted,

<u>*/s/ Michael Dell'Angelo*</u>
Michael Dell'Angelo (pro hac vice)

*Lead Counsel for Plaintiffs and the Proposed Class*

<u>*/s/ Laura W. Sawyer*</u>
Laura W. Sawyer

*Counsel for Defendants JPMorgan Chase & Co. and J.P. Morgan Securities LLC*

cc: Counsel of Record (via ECF)

1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

*In re JP Morgan Chase Cash Sweep Program*

Case No. 1:24-cv-06404

## STIPULATION AND PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters this Stipulation and Protective Order ("Protective Order") to govern the protection of Confidential Information (as defined herein), which may be produced or otherwise disclosed during the course of the above-captioned matter (the "Action").

1. **DEFINITIONS.**

    1.1    Acknowledgment: Refers to Exhibit A attached hereto, which must be executed by certain persons prior to the disclosure of "Confidential" Material as set forth in Section 6 of this Stipulation and Order.

    1.2    Action: *In re JP Morgan Chase Cash Sweep Program*, Case No. 1:24-cv-06404.

    1.3    "Confidential" Material: Information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in the Action that the Disclosing Person reasonably and in good faith believes contains or would disclose non-public, confidential, proprietary, financial, customer, client or commercially sensitive information, confidential trade secrets or non-public research that requires the protections provided in this Stipulation and Order, including, but not limited to, any information that constitutes confidential information under the Federal Rule of Civil Procedure 26(c) or applicable laws or regulations,

employee personnel files of current or former employees, compensation or payroll information of current or former employees, Personal Data (as defined herein), and Non-Public Personal Financial Information (as defined herein). Nothing in this Order shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Confidential."

       1.4    <u>Confidential Supervisory Information</u>: Confidential Supervisory Information includes, but is not limited to, confidential supervisory information of the Board of Governors of the Federal Reserve System as set forth in 12 C.F.R. § 261.2(c), non-public information of the Office of the Comptroller of the Currency or the former Office of Thrift Supervision as set forth in 12 C.F.R. § 4.32(b), exempt information of the Federal Deposit Insurance Corporation as set forth in 12 C.F.R. §§ 309.2, 309.5, and 309.6, and confidential information of the Consumer Financial Protection Board as set forth in 12 C.F.R. § 1070.2, and any other records concerning supervision, regulation, and examination of banks, savings associations, their holding companies and affiliates, and records compiled in connection with the enforcement responsibilities of federal and state financial regulatory agencies that is not permitted to be disclosed to a third party absent consent of the applicable regulator or government agency. Confidential Supervisory Information also includes information that current and former employees, officers, and agents of federal financial regulatory agencies obtained in their official capacities. Confidential Supervisory Information shall be deemed to include all copies, abstracts, excerpts, analyses, or other writings or documents that contain, reflect, or disclose Confidential Supervisory Information.

       1.5    <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staff).

1.6    <u>Disclosing Person</u>: A Party or a non-party that produces Discovery Material in the Action.

1.7    <u>Discovery Material(s)</u>: All information of any kind provided in the course of discovery in the Action, including without limitation documents, electronic files, trade data, written discovery responses, deposition testimony, and deposition exhibits. Information copied or extracted from Discovery Material, as well as all copies, excerpts, summaries, or compilations thereof, shall constitute Discovery Material. Any information obtained through means outside the Court's discovery processes, such as through independent investigation, shall not constitute Discovery Material. Any person subject to this Stipulation and Order who receives from any other person any Discovery Material shall not disclose said Discovery Material to anyone else except as expressly permitted hereunder.

1.8    <u>Expert</u>: A person who is not an owner, director, officer, or employee of a Party, who has specialized knowledge or experience in a matter pertinent to this litigation, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the prosecution or defense of the Action, including his or her employees and support personnel. This definition includes, without limitation, professional jury or trial consultants retained in connection with the Action.

1.9    <u>Foreign Law Restricted Material</u>: Any Discovery Material that, pursuant to any foreign law or regulation, is prohibited from being transferred to the United States and/or disclosed in connection with a legal proceeding.

1.10    <u>In-House Counsel</u>: Attorneys, paralegals, and other legal department personnel who are employees of a Party, to whom disclosure of Discovery Material is reasonably necessary for this litigation.

1.11    Non-Public Personal Financial Information: Any information that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802 *et seq.* and its implementing regulations, or analogous state laws and regulations, including, but not limited to, any portion of a spreadsheet or other document or data set that includes financial or credit information for any person (including any credit history, report or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, account number, loan number, telephone number, or place or position of work.

1.12    Outside Counsel: Attorneys, paralegals, and other law firm personnel, employees and contractors who are not employees of a Party but who are retained to represent or advise a Party in the Action, including any firms working at the direction of Lead Counsel.

1.13    Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1.14    Personal Data: Any information related to, reflecting, associated with or identifying a natural person, other than Non-Public Personal Financial Information, that a Party or Disclosing Person (whether or not a Party) believes in good faith to be subject to federal, state or foreign data privacy, data protection laws or other privacy obligations. Nothing in this section shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Personal Data."

1.15    Principal: An owner, officer, or executive of any Party whose identity as an owner, officer, or executive has been disclosed to all other Parties.

1.16    Professional Vendors: Persons or entities employed by the Parties or their

Counsel to assist in the Action that provide litigation or trial support services (*e.g.*, photocopying; data processing; graphic production; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; jury consultants; mock jurors; investigators) and their employees and subcontractors.

       1.17   <u>Protected Material</u>: Any Discovery Material that is designated as "Confidential."

       1.18   <u>Receiving Party</u>: A Party that receives Discovery Material from a Disclosing Person in the Action.

       1.20   <u>SAR Related Material</u>: Any Discovery Material that, pursuant to 31 U.S.C. 5318(g)(2)(A)(1), 31 C.F.R. § 1020.320, 12 C.F.R § 21.11, Section 314(a) or (b) of the PATRIOT ACT, 12 U.S.C. §§ 3414(a)(3) and (c) or any other applicable regulations concerning potential suspicious activity, is not permitted to be produced.

       2.   <u>LIMITATION ON USE OF DISCOVERY MATERIAL</u>. All Discovery Material produced or disclosed in connection with the Action shall be used solely for the prosecution or the defense of the Action (including any attempted settlement thereof or appeal therefrom), or the enforcement of insurance rights with respect to the Action, and for no other purpose whatsoever, including use in other legal actions, present or future.

       3.   <u>REDACTING PERSONAL DATA AND NON-PUBLIC PERSONAL INFORMATION</u>. Any Disclosing Person may, in its discretion and acting in good faith, redact Personal Data and Non-Public Personal Information in the manner set forth in Sections 3.1 and 3.2.

       3.1   The following Personal Data and/or Non-Public Personal Information may be redacted in full provided that such redaction shall be applied in a manner reasonably designed

to preserve the clarity and usability of the Discovery Material containing such Personal Data and/or Non-Public Personal Information:

    3.1.1.   Social Security Numbers

    3.1.2.   Taxpayer Identification Numbers

    3.1.3.   Driver's License Numbers

    3.1.4.   Any other government identification numbers

    3.1.5.   Personal Telephone Numbers of customers

    3.1.6.   Any customer account numbers and/or barcodes for account types not at issue in this case (*i.e.*, all account types other than non-managed brokerage accounts).

    3.1.7.   Any customer's race, ethnic origin, political opinions, religious or political beliefs, membership in a trade union, physical or mental health conditions, sexual orientation, or biometric or genetic data.

    3.2    The following Personal Data and/or Non-Public Personal Information may be partially redacted in the following fashion, provided that such redaction shall be applied in a manner reasonably designed to preserve the clarity and usability of the Discovery Material containing such Personal Data and/or Non-Public Personal Information (and Plaintiffs reserve the right to request and receive, including by seeking a Court Order, a production of structured data that does not include the following redactions to the extent reasonably necessary to calculate damages and/or administer any distribution to putative Class members):

    3.2.1.   All but the last four digits of any financial account number and/or barcodes for account types at issue in this case (*i.e.*, non-managed brokerage accounts).

    3.2.2.   All but the first and last initial of customer names.

    3.2.3.   Dates of Birth may be redacted for all but the birth year.

3.3    If a Receiving Party believes a redaction applied pursuant to this section renders the Discovery Material unclear or unusable, the Receiving Party and Disclosing Person shall meet and confer in an effort to resolve any disagreement and bring any unresolvable disputes to the attention of the Court.

4.    <u>DESIGNATING DISCOVERY MATERIAL.</u>

4.1    <u>Initial Designation</u>. Any Disclosing Person may, subject to the provisions of this Stipulation and Order, designate Discovery Material as "CONFIDENTIAL." A Disclosing Person shall apply a confidentiality designation only when the party has a reasonable, good faith basis that the information so designated constitutes "CONFIDENTIAL" material. The protections conferred by this Stipulation and Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might disclose Protected Material to persons not authorized to receive such material.

4.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulation and Order or as otherwise stipulated or ordered, Discovery Material must be designated for protection under this Stipulation and Order by clearly designating the material before it is disclosed or produced.

4.3    The designation of materials as "CONFIDENTIAL" shall be made as follows:

4.3.1.    For ESI, whenever possible, by imprinting "CONFIDENTIAL" on the face of each page of a document so designated. If imprinting on the face of the document is not possible, then by (1) affixing a stamp with "CONFIDENTIAL" on the medium on which the

electronic data is stored when copies are delivered to a Receiving Party; and (2) designating the production as "CONFIDENTIAL" in the transmittal cover letter.

4.3.2.  For produced documents, by imprinting the words "CONFIDENTIAL" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials.

4.3.3.  For written discovery responses, by imprinting the words "CONFIDENTIAL" next to or above any response to a discovery request or on each page of a response.

4.3.4.  For depositions, by indicating in the record at the deposition which portions of the transcript and/or responses shall be treated as "CONFIDENTIAL." Alternatively, within thirty (30) days after receipt of the transcript or recording of such deposition or other pretrial or trial proceeding, the offering or sponsoring Party may designate such transcript or recording or any portion or portions thereof as "CONFIDENTIAL" by notifying all other Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as Confidential Material. All transcripts or recordings of depositions shall be treated as "CONFIDENTIAL" for thirty (30) days after receipt of the transcript or recording or until written notice of a designation is received, whichever occurs first.

4.3.5.  For all other Discovery Material, by placing or affixing on each page of such material (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" designation.

4.4    Inadvertent Failure to Identify Materials as "Confidential". Any Disclosing Person who inadvertently fails to identify Discovery Material as "Confidential" shall have fifteen (15) business days from the discovery of its oversight to correct its failure. Such failure shall be

corrected by providing the Receiving Party written notice of the error and producing substitute copies of the inadvertently produced Discovery Material with the correct designation. The Receiving Party shall thereafter treat the information as Confidential Discovery Material and shall take reasonable steps to return or destroy all prior copies of such inadvertently produced Discovery Material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material under the terms of this Stipulation and Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure.

      4.5    <u>Upward Designation of Information or Items Produced by Other Parties or Non-Parties</u>. Subject to the standards of Section 3, a Party may upward designate (*i.e.*, change any Discovery Material produced without a designation to a designation of "Confidential") any Discovery Material produced by another party or non-party, provided that said Discovery Material contains the upward designating Party's own Confidential information, as defined herein.

      4.5.1.  Upward designation shall be accomplished by providing written notice to all other Parties and the relevant Disclosing Person identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated within thirty (30) days from the discovery by the Party that these Discovery Materials should be upward designated. The upward-designated Discovery Material shall be reproduced by the Disclosing Party with the correct designation, and the Parties shall thereafter treat the upward-designated Discovery Material as Confidential Discovery Material. The Disclosing Party shall take reasonable steps to destroy all prior copies of such upward designated Discovery Material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material under the terms of this Stipulation and Order, the Disclosing Party shall make reasonable efforts to

retrieve the Discovery Material promptly and to avoid any further disclosure. Failure to upward designate within thirty (30) days, alone, will not prevent a Party from obtaining the agreement of the Disclosing Person to upward designate certain Discovery Material or from moving the Court for such relief.

      4.6    <u>De-Designations</u>. If it comes to a Party's attention that any Discovery Material that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

      5.    <u>DISCLOSURE OF DISCOVERY MATERIAL PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT DOCTRINE, FEDERAL OR STATE REGULATION, OR FOREIGN LAW</u>.

      5.1    This Stipulation and Order is without prejudice to any Disclosing Person's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and the work product doctrine, or is subject to any federal or state regulations prohibiting the disclosure of such material (including material that constitutes Confidential Supervisory Information or SAR Related Material), and is without prejudice to any Party's right to contest such a claim of privilege or protection.

      5.2    Consistent with Federal Rule of Evidence 502(d), if a Party or non-party notifies any other Party that it disclosed Discovery Material that is (a) protected from disclosure under the attorney-client privilege, the work product doctrine, any other applicable privilege or immunity, or that is subject to any federal or state regulations prohibiting the disclosure of such material (including material that constitutes Confidential Supervisory Information or SAR Related

Material) ("Privileged Material") or (b) Foreign Law Restricted Material and requests that such Discovery Material be returned, redacted, or destroyed, the disclosure shall not by itself be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any of the material or information relating thereto or on the same or related subject matter.

5.3     If a Disclosing Person believes that Privileged Material or Foreign Law Restricted Material was inadvertently produced, that Disclosing Person shall notify in writing any Party to which it produced the material of the claim of privilege or protection and the basis for such claim to the extent required by Federal Rule of Civil Procedure 26 (a "Privileged Material Notice"). When appropriate, the Disclosing Person will produce a redacted version of such Discovery Material to the Receiving Party within ten (10) business days.

5.3.1.   Subject to the provisions below in this paragraph, within ten (10) business days of receipt of a Privileged Material Notice, any Party to which the Privileged Material or Foreign Law Restricted Material was produced shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been sequestered (as provided below), returned, or destroyed, and shall not use such items for any purpose until further order of the Court. Notwithstanding the foregoing, a Receiving Party may sequester a copy of relevant Privileged Material or Foreign Law Restricted Material, in a secure medium that is segregated from any general document depositories that such Receiving Party has established, for purposes of evaluating the claim of privilege and may promptly present the information to the court under seal for a determination of the claim.

5.3.2.   If the Receiving Party determines that it has received Discovery Material that constitutes Privileged Material or Foreign Law Restricted Material, the Receiving

Party shall destroy or return all copies of such Discovery Material to the Disclosing Person within ten (10) business days of the discovery of such information and shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been returned or destroyed, and shall not use such items for any purpose until further order of the Court. When appropriate, the Disclosing Person will provide a redacted version of such Discovery Material to the Receiving Party.

5.3.3.    Should the Receiving Party to which any Privileged Material or Foreign Law Restricted Material was produced seek to challenge the designation of such material as privileged or protected, it shall notify the Disclosing Person in writing and shall not use or disclose the material until the claim is resolved. Following the receipt of any objection, the objecting Party and the Disclosing Person shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Person's designation of the material as privileged or protected. If the parties cannot resolve their disagreement, the objecting Party shall promptly present the issue to the Court for a determination of the Disclosing Person's claim of privilege or protection. The production of Privileged Material or Foreign Law Restricted Material, whether inadvertent or otherwise, shall not itself serve as the basis of the motion. While any such motion is pending, the Discovery Material subject to that motion will be treated as privileged or protected until the Court rules. If the Court determines that such material is privileged or protected, the Receiving Party shall (to the extent it has not already done so), return or destroy such disclosed Privileged Material or Foreign Law Restricted Material and all copies thereof within (5) five business days of the Court's ruling.

6.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>.

6.1    <u>Disclosure of Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Disclosing Person, a Receiving Party may disclose any information or item designated as "Confidential" only to the following persons:

6.1.1.    The Court and court personnel in the Action and any appellate court in the Action.

6.1.2.    The Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for the Action and their legal, clerical, or support staff, including temporary or contract staff.

6.1.3.    The Receiving Party's In-House Counsel to whom it is reasonably necessary to disclose the information for the Action.

6.1.4.    The Receiving Party's Principals.

6.1.5.    Professional court reporters, their staffs, video operators transcribing depositions or testimony in the Action, and Professional Vendors to whom disclosure is reasonably necessary for the Action.

6.1.6.    Persons who Counsel have a good faith basis to believe are authors or recipients (including those referenced as "cc" or "bcc" recipients on a document (collectively, "cc's")) of the Confidential Discovery Material or who had access to or the authority to access or obtain such Confidential Discovery Material in the normal or authorized course of business (including but not limited to such Person's supervisor(s) at or after the time the material was created).

6.1.7.    Any person who is a current or former employee, executive, director or consultant of the Disclosing Person or its affiliate, including of JPMorgan Chase Bank, N.A.

6.1.8.    Any witness who is called, or who Counsel for a Party in good faith

believes may be called, to testify at trial or deposition in the Action, provided that (1) the testimony of such person has been duly noticed, or such person has been identified as a person with knowledge in a party's initial disclosures or responses to interrogatories, or has been listed on a party's pre-trial witness list; and (2) such person has executed the Acknowledgment (but such persons called to testify who are already within the scope of subsections 6.1.1 through 6.1.7 of this Order need not execute such an Acknowledgement).

   6.1.9. Any Expert to whom disclosure is reasonably necessary for the Action, provided that the Expert has first executed the Acknowledgment, and further provided that any report created by such Expert that relies on or incorporates Confidential Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation.

   6.1.10. Any mediator or arbitrator engaged by the Parties to the Action, and his or her staff, provided such person(s) have first executed the Acknowledgment.

   6.1.11. Any other person or entity who Counsel for the Disclosing Person agrees, after conferring in good faith, should have access to Confidential Discovery Material or who, upon motion with good cause shown, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is at issue), the Court orders may have access.

   6.2 If a Receiving Party inputs, uploads, or otherwise shares Confidential Material with any publicly-accessible Generative Artificial Intelligence tool and/or Large Language Model (collectively, a "Public GenAI tool") (e.g., ChatGPT, Anthropic, or similar AI systems) it shall constitute disclosure of Confidential Material to a third party not authorized by the above list. If a Receiving Party desires to input, upload, or otherwise share Confidential

Material with any non-publicly accessible GenAI tool (a "Closed GenAI tool"), the Receiving Party shall notify the Producing Party of its intent to do so in writing in advance.  As part of this notice, the Receiving Party shall identify the Closed GenAI tool(s) it intends to use and shall represent that the Receiving Party has undertaken the necessary steps to confirm that Confidential Material will (i) not be used to train, fine-tune, or otherwise enhance the Closed GenAI tool(s) it intends to use other than for purposes of this Action; (ii) not be disclosed to any third party, including without limitation other users or developers of the Closed GenAI tool; and (iii) be capable of return or destruction, and certification of such, according to the terms of this Stipulation and Order.  The Producing Party shall have 5 business days following such notice to consent or object in writing to the Receiving Party's use of the contemplated Closed GenAI tool(s), and the Parties shall meet and confer in good faith to resolve any dispute.  If the dispute cannot be resolved by the Parties, the Producing Party shall have 5 business days from a written declaration of an impasse by either Party in the meet-and-confer process to move for a Protective Order.  Absent express written consent from the Producing Party or a decision on any motion for a Protective Order by the Court, Confidential Material may not be shared with the subject Closed GenAI tool(s).  If the Producing Party consents in writing to the notice or the Producing Party's request for a Protective Order is denied by the Court, inputting, uploading or sharing Confidential Material with such Closed GenAI tool(s) shall be deemed permitted.

6.3     Any disclosure permitted by this Section may be made only to the extent reasonably necessary to prosecute or defend the Action.

6.4     <u>Responsibility for Compliance</u>. Counsel for the Party that discloses "Confidential" Discovery Material shall be responsible for assuring compliance with the terms of this Stipulation and Order with respect to persons to whom such "Confidential" Discovery Material

is disclosed and shall obtain and retain the original Acknowledgements executed by qualified recipients of "Confidential" Discovery Material (if such execution is required by the terms of this Stipulation and Order).

7.    EFFECT OF STIPULATION AND ORDER. To the extent any federal, state or foreign law or other legal authority governing the disclosure or use of Personal Data or Non-Public Personal Financial Information permits disclosure of such information pursuant to an order of a court, this Stipulation and Order shall constitute compliance with such requirement.

8.    CONSENT TO DISCLOSURE OF US PERSONAL DATA OR NON-PUBLIC PERSONAL FINANCIAL INFORMATION. To the extent any United States federal or state law or other United States legal authority governing the disclosure or use of Personal Data or Non-Public Personal Financial Information ("Personal Data or Non-Public Personal Financial Information Law") requires a Disclosing Person and/or Receiving Party to obtain a subpoena or court order before disclosing any Personal Data or Non-Public Personal Financial Information, in light of the protections provided for in this Order, the volume of documents to be produced and the ongoing oversight of the Court, this Order shall constitute an express direction that the Disclosing Person and/or Receiving Party is exempted from obtaining such court-ordered subpoena, having to notify and/or obtain consent from any person or entity prior to the disclosure of Personal Data or Non-Public Personal Financial Information in the Action, and/or having to provide a certification that notice has been waived for good cause. To the extent that any Personal Data or Non-Public Personal Financial Information Law requires that any person or entity be notified prior to disclosure of Personal Data or Non-Public Personal Financial Information except where such notice is prohibited by court order, this Order shall constitute an express direction that Disclosing Persons and Receiving Parties are prohibited from providing such notice in the Action;

provided, however, that this Stipulation and Order shall not prohibit any Disclosing Person and/or Receiving Party from contacting any person or entity for any other purpose. Any Disclosing Person or Receiving Party may seek additional orders from the Court that such Party believes may be necessary to comply with any Personal Data or Non-Party Financial Information Law.

9.    COURT FILINGS. Any Receiving Party who seeks to file with the Court any Discovery Materials that have previously been designated by any Producing Party as "Confidential" shall either (a) obtain the Producing Party's permission to remove the "Confidential" designation for the Discovery Material, or (b) file such Discovery Materials under seal in accordance with Judge Schofield's Individual Practice Rules, including specifically, Judge Schofield's Individual Practice Rule I.D3. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

10.1    If, at any time, any Discovery Material governed by this Stipulation and Order are subpoenaed from any Party by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the Party to which the subpoena is directed shall, to the extent permitted by applicable law and the rules and requirements of any relevant governmental or regulatory authority, promptly, and in no event more than five (5) business days after receipt of the subpoena, if reasonably practicable, give written notice to the relevant Disclosing Person and must include a copy of the subpoena or request.

10.2    The Party to whom the subpoena is directed also must immediately inform in writing the person who caused the subpoena to issue that some or all of the material covered by

the subpoena is the subject of this Stipulation and Order and deliver a copy of this Stipulation and Order promptly to the person who cause the issuance of the subpoena.

10.3    To the extent permitted by law, the Party to which the subpoena is directed shall not produce material for at least ten (10) business days after notice of the subpoena is provided to the Disclosing Person in order to provide the Disclosing Person a reasonable period of time in which to seek to quash, limit or object to the subpoena, or to move for any protection for the Discovery Material.

10.4    If the Party to which the subpoena is directed is compelled by applicable law or a court order to respond to the subpoena or request in less than ten business (10) days, the Party to whom the subpoena is directed shall, to the extent permitted by law, notify the Disclosing Person of this fact. In no event shall such Discovery Material subject to this Order and Stipulation be produced to a third party by a Party pursuant to a subpoena without providing the Disclosing Person an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law. In the event that Discovery Material designated as "Confidential" under this Order and Stipulation is produced in response to a subpoena, the recipient of the subpoena shall take reasonable steps to ensure that the protections afforded under this Order and Stipulation shall continue to apply to such Discovery Material.

10.5    The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and Order and to afford the Disclosing Person an opportunity to protect its confidentiality interest in the court from which the subpoena or order is issued. The Disclosing Person shall bear all responsibility for any objections to the production of such Discovery Material, except that a Party receiving any subpoena shall not voluntarily make any production to a third party of a Disclosing Person's "Confidential" Discovery Material until

resolution of any objections interposed by the Disclosing Person, unless compelled by court order issued after giving notice to the Disclosing Person. Nothing in this Stipulation and Order shall be construed as authorizing or requiring a Party or non-party to disobey any law, court order, or information request or subpoena from any federal, state, or foreign regulatory agency or self-regulatory organization requiring the production of Discovery Material, or as limiting the authority of the Court.

11.    <u>CHALLENGES TO DESIGNATIONS</u>.

11.1    Entry of this Stipulation and Order shall be without prejudice to any Party's motion for relief from or the modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or ESI, or other information in the course of the Action. If, at any time, a Party objects to a designation or upward-designation of Discovery Material as "Confidential" that Party shall notify the Disclosing Person (or the designating Party, as applicable), in writing, of its disagreement and specifically identify the information in dispute.

11.2    Following receipt of the written notification under section 10.1 of this Stipulation and Order, counsel for the Disclosing Person (or the designating Party, as applicable) and the Party challenging the designation shall meet and confer in an effort to resolve any disagreement. If, despite their good faith effort, the Parties do not resolve their disagreement within ten (10) days of the Disclosing Person's or Receiving Party's receipt of the written notice, any Party contesting the designation may thereafter apply to the Court on notice, consistent with the governing local rules and individual practices of the assigned judge, on the propriety of the designation.

11.3    Where a Party challenges a designation of "Confidential" as a result of such a designation, the challenging Party must initiate the motion before the Court, but it is the burden

of the Disclosing Person (or the designating Party, as applicable) seeking protection under this order to demonstrate that the designation is appropriate.

11.4    Until the Receiving Party applies to the Court for a ruling on the designation and until the Court rules on that motion, the Discovery Material in question will be treated as "Confidential" under this Stipulation and Order, and a challenge under this section shall not affect a Party's right of access to "Confidential" Discovery Material or to disclose information as provided for in this Stipulation and Order. A Party does not by itself waive its right to challenge a "Confidential" designation by not electing to mount a challenge promptly after the original designation is made.

12.    <u>INADVERTENT DISCLOSURE OF PROTECTED MATERIAL BY RECEIVING PARTY</u>. If a Receiving Party learns that, by inadvertence, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately (a) notify in writing the Disclosing Person of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order; and (d) request such person or persons to execute the Acknowledgement.

13.    <u>USE AND DISCLOSURE OF INDEPENDENTLY-OBTAINED INFORMATION</u>. Nothing herein shall impose any restriction on the use or disclosure by a Party or its agent of its own information, or of publicly-available information, or of information lawfully available to that party, or of information that lawfully came into the possession of the Party independent of any disclosure of Discovery Material made in the Action.

14.    <u>ADVICE TO CLIENT</u>. Nothing in this Stipulation and Order will bar or otherwise restrict Counsel from rendering advice to his or her client with respect to this matter or from

generally referring to or relying upon "Confidential" material in rendering such advice.

15.    PRE-TRIAL APPLICATION ONLY. This Stipulation and Order shall apply to pre-trial proceedings in the Action and shall have no application at trial. The Parties agree to confer in good faith on whether a protective order to govern during trial in the Action will be necessary and the terms of any such potential protective order. This Stipulation and Order, however, shall remain in effect until such time as an order to govern trial proceedings is entered, or the parties agree, or the Court determines, that a protective order to govern trial proceedings is not necessary or advisable.

16.    DURATION OF ORDER/RETURN OF DISCOVERY MATERIAL. All provisions of this Stipulation and Order restricting the use of Discovery Material shall continue to be binding after the conclusion of the Action unless otherwise agreed or ordered by the Court, or unless the Discovery Material is made public through trial. Within ninety (90) days of the conclusion of the Action (whether by entry of a final order of dismissal, judgment, settlement, or disposition on appeal, or otherwise, and where the time for any further appeals has expired), all Parties in receipt of Discovery Material in the Action shall make reasonable efforts to either return such materials and copies thereof to the Disclosing Person or destroy such materials and certify that fact. The Receiving Party is not required to return or destroy Discovery Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) is located in the email archive system or archived electronic files of departed employees; (iii) must be retained pursuant to the Receiving Party's legal or regulatory retention obligations or (iv) is subject to legal hold obligations; provided however, that these materials continue to be subject to the terms of this Stipulation and Order. Backup storage media will not be restored for purposes of returning or certifying destruction of Discovery Material but

such retained information shall continue to be treated in accordance with the Stipulation and Order. Counsel of record shall also be permitted to keep a copy of Discovery Material to the extent that it is incorporated into any pleadings, motions, or other work product. In that case, counsel of record shall continue to treat the Discovery Material in accordance with this Stipulation and Order. Upon request, counsel of record shall certify in writing that they have complied with this section.

17.    RESERVATION OF RIGHTS. Nothing contained in this Stipulation and Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any Party as an admission by another Party. Nothing in this Stipulation and Order shall be deemed an admission that any particular information designated as "Confidential" is entitled to protection under the Stipulation and Order, applicable rules, such as Federal Rule of Civil Procedure 26(c), or any other law. Nothing in this Stipulation and Order shall be construed as granting any person or entity a right to receive specific "Confidential" information where a court has entered an order precluding that person or entity from obtaining access to that information. The Parties specifically reserve the right to challenge the designation of any particular information as "Confidential." The Parties agree that by stipulating to entry of this Stipulation and Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Order. Nothing in this Stipulation and Order shall affect the right of any party or non-party to oppose any request for discovery or any ground permitted by the Federal Rules of Civil Procedure or any other applicable law, and no party shall be deemed by virtue of this Order to have waived any right it otherwise would have to object to disclosing or producing any matter on any such ground. Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Discovery Material covered by this Stipulation and Order.

18.    STANDARD OF CARE.

18.1    The recipient of any Discovery Material shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of such material. Discovery Material shall not be copied, reproduced, extracted or abstracted, except to the extent that such copying, reproduction, extraction or abstraction is reasonably necessary for the conduct of the Action. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Stipulation and Order and labeled in the same manner as the designated material on which they are based.

18.2    In addition, the recipient of "Confidential" Discovery Materials shall protect these materials with the same degree of care that they use to protect and safeguard their own like information. Such measures shall include, but are not limited to, restricting access to the data to persons employed by Counsel or Experts who are actively assisting Counsel and Experts in the Action, and ensuring that the data is not copied, reproduced, extracted or abstracted except to the extent that such acts are reasonably necessary for the conduct of the Action. Any such copies, reproductions, extractions or abstractions are "Confidential" Discovery Materials and are subject to the same restrictions and controls.

19.    USE AND DISCLOSURE OF OWN INFORMATION. Nothing in this Stipulation and Order shall be construed to limit any Disclosing Person's use or disclosure of its own documents, materials, or information that have been designated as "Confidential" pursuant to this Stipulation and Order.

20.    EFFECT ON OTHER AGREEMENTS. Nothing in this Stipulation and Order shall be construed to effect, amend, or modify any existing confidentiality agreements between, or

protective orders applicable to, any of the parties hereto.

21.    <u>MODIFICATION</u>. This Stipulation and Order may be changed only by agreement of the parties hereto or by an order of this Court. Except as provided herein, this Stipulation and Order shall not prejudice the right of any party or non-party hereto to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modification of this Stipulation and Order upon notice to all other Parties and affected non-parties.

22.    <u>NON-PARTY DISCOVERY</u>.

22.1    The Parties shall serve a copy of this Stipulation and Order simultaneously with any subpoena or other request for documents or information issued to any non-party in connection with the Action. Any Party may petition the Court to seek to enforce compliance with any non-party subpoena served in this matter by any other Party, provided that nothing herein shall be construed to prevent or limit any non-party from opposing such petition or from petitioning or applying to the Court or other authorities for protective measures in connection with such non-party subpoenas.

22.2    A non-party from which discovery is sought by one or more Parties to the Action may designate Discovery Material that it produces as "CONFIDENTIAL" consistent with Section 3 and the other terms of this Stipulation and Order. Under such circumstances, Discovery Material designated "CONFIDENTIAL" by a non-party shall be assigned the same protection as Discovery Material so designated by a party that is a Disclosing Person, and all duties applicable to a Party that is a Disclosing Person under this Stipulation and Order shall apply to the non-party Disclosing Person.

23.    <u>NEW PARTIES TO THE ACTION</u>. In the event that additional persons or entities become parties to the Action, such parties shall not have access to Confidential Material produced

by or obtained from any Disclosing Person until the newly-joined parties or their counsel endorse a copy of the Acknowledgement and file it with the Court.

24.    <u>COURT RETAINS JURISDICTION</u>. The Court retains jurisdiction even after final disposition of this litigation to enforce this Stipulation and Order by the sanctions set forth in the relevant rules, such as Rule 37 of the Federal Rules of Civil Procedure and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Stipulation and Order in contempt and to make such amendments, modifications, deletions, and additions to this Stipulation and Order as the Court may from time to time deem appropriate.

25.    <u>GOVERNING LAW</u>. Except to the extent that federal law may be applicable, this Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles.

26.    <u>EXECUTION</u>. This Stipulation and Order may be executed in counterparts. This Stipulation and Order shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties.

By: *Michael Dell'Angelo*
Michael Dell'Angelo (pro hac vice)
Alex B. Heller (pro hac vice)
Radha Nagamani Raghavan (NY Bar No. 5753140)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
mdellangelo@bm.net
aheller@bm.net
rraghavan@bm.net

*Court-Appointed Lead Counsel for Plaintiffs*

By:  *Laura W. Sawyer*
Jayant W. Tambe
Laura W. Sawyer
Meredith Christian
**JONES DAY**
250 Vesey Street
New York, NY  10281
Telephone: +1.212.326.3936
jtambe@jonesday.com
lwsawyer@jonesday.com
mchristian@jonesday.com

*Counsel for Defendants JPMorgan Chase & Co. and J.P. Morgan Securities LLC*

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: July 16, 2025
New York, New York

By: *Adam H. Wierzbowski*
Salvatore J. Graziano
John Rizio-Hamilton
Adam H. Wierzbowski
Michael D. Blatchley
**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
salvatore@blbglaw.com
johnr@blbglaw.com
adam@blbglaw.com
michaelb@blbglaw.com

*Court-Appointed Local Counsel for
Plaintiffs and the Proposed Class*

****

**EXHIBIT A**

| | |
|---|---|
| *In re JP Morgan Chase Cash Sweep Program* | Case No. 1:24-cv-06404 |

**ACKNOWLEDGMENT FOR THE USE OF CONFIDENTIAL INFORMATION**

I, _____, state that:

1. My business address is _____ .

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulation and Order (the "Stipulation") entered in the above-caption action (the "Action") on _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this Action, any Confidential Material that is disclosed to me.

8. At the conclusion of my work on this matter, I will return or destroy, to the extent permitted by law, all Confidential Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Confidential Material.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this Action.

Dated: _____          By: _____