UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re:

    JP MORGAN CHASE CASH
    SWEEP PROGRAM

24-CV-06404 (LGS)(SN)

**ORDER**

------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

    Plaintiffs' Motion to Compel Defendants JPMorgan Chase & Co. and J.P. Morgan Securities LLC ("Defendants") and Non-Party JPMorgan Chase Bank, N.A. (the "Bank") to comply with their discovery obligations pursuant to Plaintiffs' Document Requests on Defendants and Plaintiffs' Subpoena *Duces Tecum* is GRANTED in part.

    At an earlier discovery conference, Defendants resisted certain discovery, and the Court ordered Plaintiffs "to identify five custodians and work with the defendants on reasonable search terms." June 30, 2025 Tr. at 21:6-8. It was clear during this conference that the custodians would be Defendants' custodians, see, e.g., id. at 40:4-14 (limiting discovery of communications with the Bank), and that this discovery was not responsive to the Bank subpoena, see id. at 65:16-19 (Bank subpoena was received only one week prior and that "Chase Bank is not a party").

    Separately, Plaintiffs served a subpoena on the Bank, which the Defendants have resisted in part on the grounds that Plaintiffs' previously identified custodians are adequate to respond to the non-party subpoena. Throughout the litigation, Defendants have emphasized the non-party status of the Bank and have even used that designation to avoid or limit discovery. Defendants' efforts to now merge these entities to limit discovery is not proper.

Accordingly, Plaintiffs are entitled to five document custodians from the Bank in addition to the five document custodians from Defendants that the Court previously ordered. Recognizing the Bank's non-party status, discovery may be more limited from these custodians, and Plaintiffs may elect to designate a Bank custodian to also serve as a Defendant custodian. But Defendants may not unilaterally limit discovery in this fashion.

With respect to the scope of discovery, the parties' briefs suggests that they are continuing to meet and confer on certain topics, and Defendants have suggested that particular topics, such as its managed sweep programs, may be produced in the ordinary course. The parties are, thus, further directed to meet and confer this week to discuss the scope of Plaintiffs' document requests and subpoena and attempt to resolve any pending disputes. By Friday, September 19, 2025, both parties shall submit status letters of no more than three pages regarding any outstanding issues.

To the extent it is warranted, the parties are ordered to appear for a discovery conference on Monday, September 22, 2025, at 3:00 p.m. in Courtroom 219, Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. The parties shall indicate in their status letters whether it would be productive to proceed with this discovery conference or adjourn it to a later date.

The Clerk of Court is respectfully requested to terminate the motion at ECF No. 119.

**SO ORDERED.**

SARAH NETBURN  
United States Magistrate Judge

DATED:   September 16, 2025  
         New York, New York