UNITED STATES U.S. DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
:
:                    1:24-Civ-06404 (LGS)
:
:
*In re JPMorgan Chase Cash Sweep*        :
*Program*                                :
:
:
:
:
:
------------------------------------------------- :
:
:
X

**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES OF DEFENDANT J.P. MORGAN SECURITIES LLC TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant J.P. Morgan Securities LLC ("JPMS") answers the Consolidated Class Action Complaint dated March 28, 2025 (the "Complaint").  (ECF #69).  In answering the Complaint, JPMS responds only on its own behalf and in response to the allegations made against JPMS. JPMS does not respond on behalf of the former defendant JPMorgan Chase & Co. and does not respond to any allegations made against JPMorgan Chase & Co.

JPMS also responds only to allegations related to Plaintiffs' surviving claims following the Court's February 12, 2026 Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss.  (ECF #147).  Specifically, Plaintiffs' only surviving claims are: "Claim I (breach of Deposit Account Agreement provision providing that interest rates will vary for all Plaintiffs) against JPMS; Claim II (breach of "reasonable rate" provision of IRA Agreements) against JPMS; and Claim III (breach of implied covenant) against JPMS."  (*Id.* at 23).

JPMS incorporates into each response a denial of each and every allegation in the Complaint, except with respect to those specific allegations expressly admitted herein.  To the

extent that any allegation in the Complaint has been neither admitted nor denied, it is hereby expressly denied.  Further, JPMS denies any and all averments in the headings and subheadings of the Complaint.

JPMS responds to the Complaint as follows:

**Answer to Paragraph 1**.  JPMS denies the allegations in Paragraph 1.

**Answer to Paragraph 2**.  JPMS denies that the allegations in Paragraph 2 are a fair and complete description of the matters described therein, except admits that the Cash Sweep Programs[1] automatically sweep participating customers' uninvested cash, which would otherwise sit idle, to an interest-bearing deposit account at JPMorgan Chase Bank, N.A. ("JPMCB").

**Answer to Paragraph 3**.  No response is required to Paragraph 3 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 3.

**Answer to Paragraph 4**.  JPMS denies the allegations in Paragraph 4.  JPMS respectfully directs the Court to the quoted documents for a complete and accurate record of their contents.

**Answer to Paragraph 5**.  JPMS denies the allegations in Paragraph 5, except admits that the only bank JPMS used for the Cash Sweep Programs during the putative class period was JPMCB.

**Answer to Paragraph 6**.  JPMS states that the Federal Funds Rate is publicly known and

---

[1] For convenience and without conceding its accuracy, JPMS uses the Complaint's definition of "Cash Sweep Programs," which is expressly limited to four sweep codes.  *See* ECF #69 at ¶1, fn.1.  *See also* ECF #147 at 1, fn.1 (recognizing that "[t]he programs at issue are the Chase Deposit Sweep - IRA (Sweep Symbol: QDERQ), JPMorgan Deposit Sweep - IRA (Sweep Symbol: QCERQ), Chase Deposit Sweep (Sweep Symbol: QACDS) and JPMorgan Deposit Sweep (Sweep Symbol: QAJDS)").

no response is required to allegations of that rate.  JPMS denies the remaining allegations in

Paragraph 6, except admits that, since June 4, 2020, the interest rate paid on the Cash Sweep

Programs has been .01%.

**Answer to Paragraph 7**.  JPMS states that the interest rates paid on U.S. Treasury Bills

and the Federal Funds Rate are publicly known and no response is required to allegations of

those rates.  JPMS denies the remaining allegations in Paragraph 7, except admits that, since

June 4, 2020, the interest rate paid on the Cash Sweep Programs has been .01%.

**Answer to Paragraph 8**.  JPMS states that the interest rate paid to Deposit Account

Sweep Managed[2] customers is publicly available at:

https://www.chase.com/personal/investments/sweep-options-yields and no response is required

to allegations of that rate.  JPMS denies that the remaining allegations in Paragraph 8 are a fair

and complete description of the matters described therein.

**Answer to Paragraph 9**.  JPMS denies the allegations in Paragraph 9.

**Answer to Paragraph 10**.  JPMS denies the allegations in Paragraph 10.

**Answer to Paragraph 11**.  No response is required to Paragraph 11 because it consists of

legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph

11.

**Answer to Paragraph 12**.  To the extent that the allegations in Paragraph 12 relate to

Mr. Bodea's citizenship, JPMS denies knowledge or information sufficient to form a belief as to

their truth.  JPMS denies the remaining allegations in Paragraph 12, except admits that Mr.

Bodea has had both brokerage accounts and an individual retirement account with JPMS during

---

[2] For convenience and without conceding its accuracy, JPMS uses the Complaint's definition of "Deposit Account Sweep Managed," which is expressly limited to four sweep codes. *See* ECF #69 at ¶74, fn.5.

the putative class period and that the cash balances in some, but not all, of Mr. Bodea's brokerage accounts were automatically swept to an interest-bearing account at JPMCB pursuant to the Cash Sweep Programs.

**Answer to Paragraph 13.**  To the extent that the allegations in Paragraph 13 relate to Mr. Quigley's citizenship, JPMS denies knowledge or information sufficient to form a belief as to their truth.  JPMS denies the remaining allegations in Paragraph 13, except admits that Mr. Quigley has held several retirement accounts with JPMS since 2023 and that the cash balances in these retirement accounts were automatically swept to an interest-bearing account at JPMCB pursuant to the Cash Sweep Programs.

**Answer to Paragraph 14**.  No response is required to Paragraph 14 because the Court dismissed all claims against JPMorgan Chase & Co.  (ECF #147).

**Answer to Paragraph 15**.  JPMS admits the allegations in Paragraph 15.

**Answer to Paragraph 16**.  No response is required to Paragraph 16 because it is definitional in nature.  To the extent a response is required, JPMS denies the allegations in Paragraph 16.

**Answer to Paragraph 17**.  No response is required to allegations related to non-party JPMCB.

**Answer to Paragraph 18**.  No response is required to Paragraph 18 because the Court dismissed all claims against JPMorgan Chase & Co.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 18, except admits that the Fee Schedule for Brokerage Accounts and Managed Accounts contained in the Investment Account Agreements and Disclosures Booklet (the "Booklet") states that "JPMS...and JPMCB are affiliated companies under the common control of JPMorgan Chase & Co."

**Answer to Paragraph 19**.  No response is required to Paragraph 19 because it consists of legal conclusions.  To the extent a response is required, JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

**Answer to Paragraph 20**.  No response is required to Paragraph 20 because it consists of legal conclusions.  To the extent a response is required, JPMS admits that it conducts business and maintains its principal place of business in this District.

**Answer to Paragraph 21**. No response is required to Paragraph 21 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 21, except admits that it maintains its principal place of business in this District.

**Answer to Paragraph 22**.  JPMS denies that the allegations in Paragraph 22 are a fair and complete description of the matters described therein, except admits that its relationships with its brokerage and retirement customers are governed by those customers' account applications and several agreements and disclosures.  JPMS respectfully directs the Court to those documents for a complete and accurate record of their contents.

**Answer to Paragraph 23**.  JPMS admits the allegations in Paragraph 23 and respectfully directs the Court to the cited document for a complete and accurate record of its contents.  JPMS further states that no response is required to footnote 2 of Paragraph 23 because it is definitional in nature.

**Answer to Paragraph 24**.  JPMS admits the allegations in Paragraph 24 and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 25**.  No response is required to Paragraph 25 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 25 and respectfully directs the Court to the cited document for a complete and accurate record of

its contents.

**Answer to Paragraph 26**.  JPMS denies the allegations in Paragraph 26, except admits that one option for the uninvested cash of certain brokerage customers is Bank Link, which sweeps uninvested cash from participating customers' brokerage accounts to their chosen linked JPMCB deposit account.

**Answer to Paragraph 27**.  JPMS denies that the allegations in Paragraph 27 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 28**.  JPMS denies that the allegations in Paragraph 28 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 29**.  No response is required to Paragraph 29 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 29 and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 30**.  JPMS denies that the allegations and defined term in Paragraph 30 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 31**.  No response is required to Paragraph 31 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 31 and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 32**.  No response is required to Paragraph 32 because it consists of

legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 32 and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 33**.  JPMS admits the allegations in Paragraph 33 and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 34**.  JPMS denies that the allegations in Paragraph 34 are a fair and complete description of the matters described therein.

**Answer to Paragraph 35**. No response is required to Paragraph 35 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 35.

**Answer to Paragraph 36**.  JPMS denies that the allegations and defined term in Paragraph 36 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 37**.  No response is required to Paragraph 37 because it consists of legal conclusions.  To the extent a response is required, JPMS denies that the allegations and defined term in Paragraph 37 are a fair and complete description of the matters described therein and respectfully directs the Court to the  cited document for a complete and accurate record of its contents.

**Answer to Paragraph 38**.  No response is required to Paragraph 38 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 38 and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 39**.  No response is required to Paragraph 39 because it consists of

legal conclusions.  To the extent a response is required, JPMS denies that the allegations in Paragraph 39 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 40**.  JPMS denies that the allegations in Paragraph 40 are a fair and complete description of the matters described therein, except admits that its contractual relationship with self-directed brokerage account-holders is governed by the J.P. Morgan Self-Directed Investing Disclosures and Brokerage Account Agreement.

**Answer to Paragraph 41**.  JPMS denies that the allegations in Paragraph 41 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 42**.  JPMS denies that the allegations in Paragraph 42 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 43**.  No response is required to Paragraph 43 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 43 and respectfully directs the Court to the quoted document for a complete and accurate record of its contents.

**Answer to Paragraph 44**.  JPMS denies the allegations in Paragraph 44 and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 45**.  JPMS denies the allegations in Paragraph 45 and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 46**.  JPMS denies that the allegations in Paragraph 46 are a fair and complete description of the matters described therein and respectfully directs the Court to the

cited document for a complete and accurate record of its contents.

**Answer to Paragraph 47**.  JPMS denies that the allegations in Paragraph 47 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 48**.  JPMS denies that the allegations in Paragraph 48 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 49**.  JPMS denies the allegations in Paragraph 49 and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 50**.  To the extent that the allegations in Paragraph 50 relate to when Mr. Quigley received his welcome package, JPMS denies knowledge or information sufficient to form a belief as to their truth.  JPMS admits that new JPMS clients are sent a welcome package that provides additional information about their accounts.  JPMS denies that the remaining allegations in Paragraph 50 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 51**.  JPMS denies that the allegations in Paragraph 51 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 52**.  JPMS admits the allegations in Paragraph 52.

**Answer to Paragraph 53**.  JPMS denies that the allegations in Paragraph 53 are a fair and complete description of the matters described therein, except admits that the only bank JPMS used for the Cash Sweep Programs during the putative class period was JPMCB.

**Answer to Paragraph 54**.  JPMS denies that the allegations in Paragraph 54 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 55**.  No response is required to Paragraph 55 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 55.

**Answer to Paragraph 56**.  JPMS denies the allegations in Paragraph 56.

**Answer to Paragraph 57**.  JPMS denies the allegations in Paragraph 57, except admits that the only bank JPMS used for the Cash Sweep Programs during the putative class period was JPMCB.

**Answer to Paragraph 58**.  JPMS admits the allegations in Paragraph 58 and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 59**.  JPMS denies that the allegations in Paragraph 59 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 60**.  JPMS denies that the allegations in Paragraph 60 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 61**.  JPMS denies the allegations in Paragraph 61 and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 62**.  JPMS denies that the allegations in Paragraph 62 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 63**.  No response is required to Paragraph 63 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 63.

**Answer to Paragraph 64**.  JPMS denies the allegations in Paragraph 64, except admits that the only bank JPMS used for the Cash Sweep Programs during the putative class period was JPMCB.

**Answer to Paragraph 65**.  JPMS denies the allegations in Paragraph 65.  No response is required to allegations related to non-party JPMCB.

**Answer to Paragraph 66**.  JPMS denies that the allegations in Paragraph 66 are a fair and complete description of the matters described therein, except admits that the only bank JPMS used for the Cash Sweep Programs during the putative class period was JPMCB.  No response is required to allegations related to non-party JPMCB.

**Answer to Paragraph 67**.  No response is required to Paragraph 67 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 67, except admits that JPMS acts as customers' agent for the limited purpose of transferring uninvested cash in participating customers' brokerage accounts into and out of an interest-bearing deposit account at JPMCB.

**Answer to Paragraph 68**.  JPMS denies that the allegations in Paragraph 68 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 69**.  JPMS admits the allegations in Paragraph 69.

**Answer to Paragraph 70**.  JPMS denies the allegations in Paragraph 70.

**Answer to Paragraph 71**.  JPMS states that the Federal Funds Rate is publicly known

and no response is required to allegations of that rate. JPMS denies that the remaining allegations in Paragraph 71 are a fair and complete description of the matters described therein, except admits that between January 1, 2018 and June 3, 2020, the interest rate paid on the Cash Sweep Programs was .03% and that, since June 4, 2020, the interest rate paid on the Cash Sweep Programs has been .01%.

**Answer to Paragraph 72**. JPMS states that the Federal Funds Rate is publicly known and no response is required to allegations of that rate. JPMS denies the remaining allegations in Paragraph 72.

**Answer to Paragraph 73**. JPMS denies the allegations in Paragraph 73.

**Answer to Paragraph 74.** JPMS states that the interest rate paid to Deposit Account Sweep Managed customers is publicly available at:

https://www.chase.com/personal/investments/sweep-options-yields and no response is required to allegations of that rate. JPMS denies the remaining allegations in Paragraph 74, except admits that since June 4, 2020, the interest rate paid on the Cash Sweep Programs has been .01%.

**Answer to Paragraph 75**. JPMS states that the Federal Funds Rate is publicly known and no response is required to allegations of that rate. To the extent the allegations in Paragraph 75 purport to characterize or describe Plaintiffs' analysis or methodology, JPMS denies knowledge or information sufficient to form a belief as to their truth. JPMS denies the remaining allegations in Paragraph 75, including any purported conclusions of Plaintiffs' analysis.

**Answer to Paragraph 76**. JPMS denies the allegations in Paragraph 76.

**Answer to Paragraph 77**. JPMS denies the allegations in Paragraph 77.

**Answer to Paragraph 78**. JPMS denies the allegations in Paragraph 78. No response is required to allegations related to non-party JPMCB.

**Answer to Paragraph 79**.  No response is required to Paragraph 79 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 79.

**Answer to Paragraph 80**.  No response is required to Paragraph 80 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 80.

**Answer to Paragraph 81**.  No response is required to Paragraph 81 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 81.

**Answer to Paragraph 82**.  No response is required to Paragraph 82 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 82.

**Answer to Paragraph 83**.  JPMS denies the allegations in Paragraph 83.

**Answer to Paragraph 84**.  No response is required to Paragraph 84 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 84.

**Answer to Paragraph 85**.  No response is required to Paragraph 85 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 85.

**Answer to Paragraph 86**.  No response is required to Paragraph 86 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 86.

**Answer to Paragraph 87**.  No response is required to Paragraph 87 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies knowledge or information sufficient to form a belief as to "the focus of consumer advocates and regulators, including the SEC."  JPMS denies the remaining allegations in Paragraph 87.

**Answer to Paragraph 88**.  No response is required to Paragraph 88 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 88.

**Answer to Paragraph 89**.  No response is required to Paragraph 89 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests (ECF #147) and because Paragraph 89 consists of legal assertions.  To the extent a response is required, JPMS denies the allegations in Paragraph 89 and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 90**.  No response is required to Paragraph 90 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 90 and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 91**.  No response is required to Paragraph 91 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies that the allegations in Paragraph 91 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 92**.  No response is required to Paragraph 92 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 92 and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 93**.  JPMS denies the allegations in Paragraph 93 and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 94**.  JPMS denies that the allegations in Paragraph 94 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 95**.  No response is required to Paragraph 95 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 95.

**Answer to Paragraph 96**.  No response is required to Paragraph 96 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies the

allegations in Paragraph 96.

**Answer to Paragraph 97**.  No response is required to Paragraph 97 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 97.

**Answer to Paragraph 98**.  No response is required to Paragraph 98 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies that the allegations in Paragraph 98 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 99**.  No response is required to Paragraph 99 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 99 and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 100**.  JPMS denies the allegations in Paragraph 100 and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 101**.  JPMS denies the allegations in Paragraph 101, except admits that, since June 4, 2020, the interest rate paid on the Cash Sweep Programs has been .01%.  JPMS respectfully directs the Court to the quoted documents for a complete and accurate record of their contents.

**Answer to Paragraph 102**.  No response is required to Paragraph 102 because it consists

of legal conclusions.  To the extent a response is required, JPMS denies the allegations in

Paragraph 102 and respectfully directs the Court to the cited document for a complete and

accurate record of its contents.

**Answer to Paragraph 103**.  JPMS denies that the allegations in Paragraph 103 are a fair

and complete description of the matters described therein and respectfully directs the Court to the

cited document for a complete and accurate record of its contents.

**Answer to Paragraph 104**.  JPMS denies that the allegations in Paragraph 104 are a fair

and complete description of the matters described therein and respectfully directs the Court to the

cited document for a complete and accurate record of its contents.

**Answer to Paragraph 105**.  JPMS denies that the allegations in Paragraph 105 are a fair

and complete description of the matters described therein and respectfully directs the Court to the

cited document for a complete and accurate record of its contents.

**Answer to Paragraph 106**.  JPMS denies the allegations in Paragraph 106 and

respectfully directs the Court to the cited document for a complete and accurate record of its

contents.

**Answer to Paragraph 107**.  JPMS denies the allegations in Paragraph 107.

**Answer to Paragraph 108**.  JPMS denies the allegations in Paragraph 108.

**Answer to Paragraph 109**.  JPMS denies the allegations in Paragraph 109 and

respectfully directs the Court to the quoted documents for a complete and accurate record of their

contents.

**Answer to Paragraph 110**.  No response is required to Paragraph 110 because it consists

of legal conclusions.  To the extent a response is required, JPMS denies the allegations in

Paragraph 110.

**Answer to Paragraph 111**.  JPMS denies that the allegations in Paragraph 111 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 112**.  JPMS denies the allegations in Paragraph 112 and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 113**.  JPMS denies that the allegations in Paragraph 113 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 114**.  No response is required to Paragraph 114 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 114 and respectfully directs the Court to the cited document for a complete and accurate record of its contents.

**Answer to Paragraph 115**.  No response is required to Paragraph 115 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 115.

**Answer to Paragraph 116**.  No response is required to Paragraph 116 because it consists of legal assertions.  To the extent a response is required, JPMS denies the allegations in Paragraph 116.

**Answer to Paragraph 117**.  No response is required to Paragraph 117 because it consists of legal assertions.  To the extent a response is required, JPMS denies the allegations in Paragraph 117.

**Answer to Paragraph 118**.  No response is required to Paragraph 118 because it consists

of legal assertions.  To the extent a response is required, JPMS denies the allegations in Paragraph 118.

**Answer to Paragraph 119**.  No response is required to Paragraph 119 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 119.

**Answer to Paragraph 120**.  No response is required to Paragraph 120 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 120.

**Answer to Paragraph 121**.  No response is required to Paragraph 121 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 121.

**Answer to Paragraph 122**.  JPMS denies the allegations in Paragraph 122.

**Answer to Paragraph 123**.  JPMS denies the allegations in Paragraph 123.

**Answer to Paragraph 124**.  JPMS denies the allegations in Paragraph 124.

**Answer to Paragraph 125**.  No response is required to Paragraph 125 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations  in Paragraph 125.

**Answer to Paragraph 126**. No response is required to Paragraph 126 because the Court dismissed Plaintiffs' unjust enrichment claim.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 126.

**Answer to Paragraph 127**.  No response is required to Paragraph 127 because the Court dismissed Plaintiffs' unjust enrichment claim.  (ECF #147).  To the extent a response is required, JPMS denies that the allegations in Paragraph 127 are a fair and complete description of the

matters described therein and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 128**. JPMS denies the allegations in Paragraph 128.

**Answer to Paragraph 129**. JPMS denies the allegations in Paragraph 129.

**Answer to Paragraph 130**. No response is required to Paragraph 130 because it consists of legal conclusions. To the extent a response is required, JPMS denies the allegations in Paragraph 130.

**Answer to Paragraph 131**. JPMS denies the allegations in Paragraph 131.

**Answer to Paragraph 132**. No response is required to Paragraph 132 because it consists of legal assertions.

**Answer to Paragraph 133**. No response is required to Paragraph 133 because it consists of legal assertions.

**Answer to Paragraph 134**. JPMS states that the interest rate paid to Deposit Account Sweep Managed customers is publicly available at:

https://www.chase.com/personal/investments/sweep-options-yields and no response is required to allegations of that rate. JPMS denies the remaining allegations in Paragraph 134.

**Answer to Paragraph 135**. To the extent that the allegations in Paragraph 135 relate to interest rates paid by other institutions, JPMS denies knowledge or information sufficient to form a belief as to their truth. JPMS denies the remaining allegations in Paragraph 135.

**Answer to Paragraph 136**. To the extent the allegations in Paragraph 136 purport to characterize or describe Plaintiffs' analysis or methodology, JPMS denies knowledge or information sufficient to form a belief as to their truth. JPMS denies the remaining allegations in Paragraph 136, including any purported conclusions of Plaintiffs' analysis.

**Answer to Paragraph 137**.  To the extent the allegations in Paragraph 137 purport to characterize or describe Plaintiffs' analysis or methodology, JPMS denies knowledge or information sufficient to form a belief as to their truth.  JPMS denies the remaining allegations in Paragraph 137, including any purported conclusions of Plaintiffs' analysis, except admits that, since June 4, 2020, the interest rate paid on the Cash Sweep Programs has been .01%.

**Answer to Paragraph 138**.  To the extent that the allegations in Paragraph 138 relate to interest rates paid by other institutions, JPMS denies knowledge or information sufficient to form a belief as to their truth.  JPMS denies the remaining allegations in Paragraph 138.

**Answer to Paragraph 139**.  To the extent the allegations in Paragraph 139 purport to characterize or describe Plaintiffs' analysis or methodology, JPMS denies knowledge or information sufficient to form a belief as to their truth.  JPMS denies the remaining allegations in Paragraph 139, including any purported conclusions of Plaintiffs' analysis.

**Answer to Paragraph 140**.  To the extent the allegations in Paragraph 140 purport to characterize or describe Plaintiffs' analysis or methodology, JPMS denies knowledge or information sufficient to form a belief as to their truth.  JPMS denies the remaining allegations in Paragraph 140, including any purported conclusions of Plaintiffs' analysis.

**Answer to Paragraph 141**.  JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.

**Answer to Paragraph 142**.  JPMS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, except admits that, since June 4, 2020, the interest rate paid on the Cash Sweep Programs has been .01%.

**Answer to Paragraph 143**.  JPMS denies the allegations in Paragraph 143.

**Answer to Paragraph 144**.  JPMS states that the Federal Funds Rate is publicly known

and no response is required to allegations of that rate.  To the extent the allegations in Paragraph 144 purport to characterize or describe Plaintiffs' analysis or methodology, JPMS denies knowledge or information sufficient to form a belief as to their truth.  JPMS denies all remaining allegations in Paragraph 144, including any purported conclusions of Plaintiffs' analysis.

**Answer to Paragraph 145**.  JPMS denies the allegations in Paragraph 145.

**Answer to Paragraph 146**.  JPMS states that rates on short-term U.S. Treasury Bills are publicly known and no response is required to allegations of those rates.  JPMS denies the remaining allegations in Paragraph 146.

**Answer to Paragraph 147**.  JPMS states that rates on short-term U.S. Treasury Bills are publicly known and no response is required to allegations of those rates.  To the extent the allegations in Paragraph 147 purport to characterize or describe Plaintiffs' analysis or methodology, JPMS denies knowledge or information sufficient to form a belief as to their truth.

**Answer to Paragraph 148**.  JPMS states that rates on short-term U.S. Treasury Bills are publicly known and no response is required to allegations of those rates.  JPMS denies the remaining allegations in Paragraph 148.

**Answer to Paragraph 149**.  JPMS denies the allegations in Paragraph 149.

**Answer to Paragraph 150**.  JPMS denies that the allegations in Paragraph 150 are a fair and complete description of the matters described therein.

**Answer to Paragraph 151**.  JPMS denies that the allegations in Paragraph 151 are a fair and complete description of the matters described therein.

**Answer to Paragraph 152**.  JPMS denies the allegations in Paragraph 152, except admits that, since June 4, 2020, the interest rate paid on the Cash Sweep Programs has been .01%.

**Answer to Paragraph 153**.  JPMS incorporates by reference the responses set forth above.

**Answer to Paragraph 154**.  No response is required to Paragraph 154 because it consists of legal assertions.  To the extent a response is required, JPMS denies Plaintiffs are entitled to the certification of the Class defined in Paragraph 154.

**Answer to Paragraph 155**.  No response is required to Paragraph 155 because it consists of legal assertions.  To the extent a response is required, JPMS denies Plaintiffs are entitled to the certification of the IRA Subclass defined in Paragraph 155.

**Answer to Paragraph 156.**  No response is required to Paragraph 156 because it consists of legal assertions. To the extent a response is required, JPMS denies Plaintiffs may unilaterally amend the putative Class or IRA Subclass definitions.

**Answer to Paragraph 157**.  No response is required to Paragraph 157 because it consists of legal assertions. To the extent a response is required, JPMS denies Plaintiffs are entitled to the certification of the Class defined in Paragraph 154.

**Answer to Paragraph 158**.  No response is required to Paragraph 158 because it consists of legal conclusions.  To the extent a response is required, JPMS denies Paragraph 158 and that this action may be maintained as a class action under Federal Rule of Civil Procedure 23.  JPMS respectfully directs the Court to Federal Rule of Civil Procedure 23 for a complete and accurate record of its contents.

**Answer to Paragraph 159**.  No response is required to Paragraph 159 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 159, except admits that it provides brokerage services to thousands of clients through thousands of financial advisors.  JPMS respectfully directs the Court to Federal Rule of Civil

Procedure 23 for a complete and accurate record of its contents.

**Answer to Paragraph 160**.  No response is required to Paragraph 160 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 160 and respectfully directs the Court to Federal Rule of Civil Procedure 23 for a complete and accurate record of its contents.

**Answer to Paragraph 161**.  JPMS denies that the allegations in Paragraph 161 are a fair and complete description of the matters described therein and respectfully directs the Court to the referenced documents for a complete and accurate record of their contents.

**Answer to Paragraph 162**.  JPMS denies that the allegations in Paragraph 162 are a fair and complete description of the matters described therein and respectfully directs the Court to the cited documents for a complete and accurate record of their contents.

**Answer to Paragraph 163**.  No response is required to Paragraph 163 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 163 and respectfully directs the Court to Federal Rule of Civil Procedure 23 for a complete and accurate record of its contents.

**Answer to Paragraph 164**.  No response is required to Paragraph 164 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 164 and respectfully directs the Court to Federal Rule of Civil Procedure 23 for a complete and accurate record of its contents.

**Answer to Paragraph 165**.  No response is required to Paragraph 165 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 165 and respectfully directs the Court to Federal Rule of Civil Procedure 23 for a complete and accurate record of its contents.

**Answer to Paragraph 166**.  No response is required to Paragraph 166 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 166 and respectfully directs the Court to Federal Rule of Civil Procedure 23 for a complete and accurate record of its contents.

**Answer to Paragraph 167**.  No response is required to Paragraph 167 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 167 and respectfully directs the Court to Federal Rule of Civil Procedure 23 for a complete and accurate record of its contents.

**Answer to Paragraph 168**.  No response is required to Paragraph 168 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 168 and respectfully directs the Court to Federal Rule of Civil Procedure 23 for a complete and accurate record of its contents.

**Answer to Paragraph 169**.  JPMS incorporates by reference the responses set forth above.

**Answer to Paragraph 170**.  JPMS denies that the allegations in Paragraph 170 are a fair and complete description of the matters described therein.

**Answer to Paragraph 171**.  No response is required to Paragraph 171 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 171.

**Answer to Paragraph 172**.  No response is required to Paragraph 172 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 172.

**Answer to Paragraph 173**.  No response is required to Paragraph 173 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 173.

**Answer to Paragraph 174**.  JPMS denies the allegations in Paragraph 174.

**Answer to Paragraph 175**.   JPMS denies the allegations in Paragraph 175, except admits it is a wholly-owned subsidiary of JPMorgan Chase & Co.  No response is required to allegations related to JPMorgan Chase & Co., which was dismissed from this action.  (ECF #147).

**Answer to Paragraph 176**.  JPMS denies the allegations in Paragraph 176.  No response is required to allegations related to JPMorgan Chase & Co., which was dismissed from this action.  (ECF #147).

**Answer to Paragraph 177**.  JPMS incorporates by reference the responses set forth above.

**Answer to Paragraph 178.**  JPMS denies that the allegations in Paragraph 178 are a fair and complete description of the matters described therein.

**Answer to Paragraph 179**.  No response is required to Paragraph 179 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 179.

**Answer to Paragraph 180**.  No response is required to Paragraph 180 because the Court dismissed Plaintiffs' claims for breach of fiduciary duty and breach of contractual duty to act in Plaintiffs' best interests.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 180.

**Answer to Paragraph 181**.  JPMS denies the allegations in Paragraph 181.

**Answer to Paragraph 182**.  JPMS denies the allegations in Paragraph 182.

**Answer to Paragraph 183**.  JPMS denies the allegations in Paragraph 183.  No response is required to allegations related to JPMorgan Chase & Co., which was dismissed from this action.  (ECF #147).

**Answer to Paragraph 184**.  JPMS denies the allegations in Paragraph 184, except admits it is a wholly-owned subsidiary of JPMorgan Chase & Co.  No response is required to allegations related to JPMorgan Chase & Co., which was dismissed from this action.  (ECF #147).

**Answer to Paragraph 185**.  JPMS incorporates by reference the responses set forth above.

**Answer to Paragraph 186**.  JPMS denies that the allegations in Paragraph 186 are a fair and complete description of the matters described therein.

**Answer to Paragraph 187**.  No response is required to Paragraph 187 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 187.

**Answer to Paragraph 188**.  No response is required to Paragraph 188 because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 188.

**Answer to Paragraph 189**.  JPMS denies the allegations in Paragraph 189.

**Answer to Paragraph 190**.  JPMS incorporates by reference the responses set forth above.

**Answer to Paragraph 191**.  No response is required to Paragraph 191 because the Court dismissed Plaintiffs' claim for breach of fiduciary duty.  (ECF #147).  To the extent a response is

required, JPMS denies the allegations in Paragraph 191.

**Answer to Paragraph 192**.  No response is required to Paragraph 192 because the Court dismissed Plaintiffs' claim for breach of fiduciary duty (ECF #147) and because Paragraph 192 consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in Paragraph 192.

**Answer to Paragraph 193**.  No response is required to Paragraph 193 because the Court dismissed Plaintiffs' claim for breach of fiduciary duty.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 193.

**Answer to Paragraph 194**.  No response is required to Paragraph 194 because the Court dismissed Plaintiffs' claim for breach of fiduciary duty.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 194.

**Answer to Paragraph 195**.  No response is required to Paragraph 195 because the Court dismissed Plaintiffs' claim for breach of fiduciary duty.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 195.  No response is required to allegations related to JPMorgan Chase & Co., which was dismissed from this action.  (ECF #147).

**Answer to Paragraph 196**.  No response is required to Paragraph 196 because the Court dismissed Plaintiffs' claim for breach of fiduciary duty.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 196, except admits it is a wholly-owned subsidiary of JPMorgan Chase & Co.  No response is required to allegations related to JPMorgan Chase & Co., which was dismissed from this action.  (ECF #147).

**Answer to Paragraph 197**.  JPMS incorporates by reference the responses set forth above.

**Answer to Paragraph 198**.  No response is required to Paragraph 198 because the Court

dismissed Plaintiffs' claim for unjust enrichment.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 198.

**Answer to Paragraph 199**.  No response is required to Paragraph 199 because the Court dismissed Plaintiffs' claim for unjust enrichment.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 199.

**Answer to Paragraph 200**.  No response is required to Paragraph 200 because the Court dismissed Plaintiffs' claim for unjust enrichment.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 200.

**Answer to Paragraph 201**.  No response is required to Paragraph 201 because the Court dismissed Plaintiffs' claim for unjust enrichment.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 201.

**Answer to Paragraph 202**.  No response is required to Paragraph 202 because the Court dismissed Plaintiffs' claim for unjust enrichment.  (ECF #147).  To the extent a response is required, JPMS denies the allegations in Paragraph 202.

**Answer to Demand for Relief.**  No response is required to Plaintiffs' Demand for Relief because it consists of legal conclusions.  To the extent a response is required, JPMS denies the allegations in the Demand for Relief and denies that Plaintiffs are entitled to any of the relief requested.

**Answer to Jury Trial Demand**.  JPMS denies that Plaintiffs (including the putative class and sub-class) are entitled to trial by jury.

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

JPMS asserts the following affirmative and other defenses and reserves the right to amend this Answer and assert other and additional defenses, cross claims and third party claims not

asserted herein of which it becomes aware through discovery or other investigation.  In asserting these defenses, JPMS does not assume any burden of proof, persuasion or production with respect to any issue where the applicable law places the burden upon Plaintiffs.  JPMS undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Further, JPMS reserves the right to assert any and all defenses on which JPMS does not bear the burden of proof, including but not limited to the defense that Plaintiffs have failed to allege facts or a cause of action sufficient to support a claim for attorney's fees and costs.

**FIRST DEFENSE**

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, by failure to state a claim.

**SECOND DEFENSE**

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, by the doctrine of waiver, including, but not limited to, because Plaintiffs and putative class members accepted the interest accrued on uninvested cash in their JPMS brokerage accounts for years, and never objected to the amount of interest they were receiving.  Plaintiffs and putative class members did so despite full knowledge of all relevant terms in their Agreements with JPMS, the interest rates being publicly available, and the interest rates and actual interest accrued being available on Plaintiffs' and putative class members' regular account statements.  Moreover, putative class members opened additional brokerage accounts with JPMS.  For example, Plaintiff Bodea opened multiple additional brokerage accounts with JPMS between March 2017 and July 2020.

**THIRD DEFENSE**

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, because Plaintiffs failed to take all necessary, reasonable and appropriate actions to mitigate their alleged damages, if any. Plaintiffs and putative class members each received monthly account statements reflecting the interest rate paid on their uninvested cash that was swept pursuant to the Cash Sweep Programs. To the extent that Plaintiffs or putative class members believed that JPMS was in breach of its alleged obligation to pay a higher rate of interest, Plaintiffs and putative class members had knowledge of this alleged breach from receipt of monthly statements. Despite this knowledge, Plaintiffs and putative class members made no effort to avoid, minimize, or lessen their alleged injury. At all times, Plaintiffs and putative class members could have avoided injury without undue risk, burden, or expense including by placing their uninvested cash in their JPMS brokerage accounts into alternatives that paid more interest than the Cash Sweep Programs.

**FOURTH DEFENSE**

Plaintiff Bodea's claims and the claims of many putative class members that Plaintiffs seek to represent are barred, in whole or in part, by the applicable statutes of limitations and/or repose. The date of account creation, alleged breach, and applicable limitations period varies from customer to customer. Under any relevant limitations period, Bodea's claims are untimely. Bodea entered into the agreement with JPMS on February 6, 2014, and he received his first available account statement in November 2014. Plaintiffs filed this action on March 28, 2025—more than 11 years after entering the agreement. During all relevant times, Bodea has received essentially the same interest rate. Bodea would have or should have known of the rate and any alleged breach by JPMS during all relevant times since opening his brokerage account in 2014.

**FIFTH DEFENSE**

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, by ratification.  Named Plaintiffs and some putative class members opened additional brokerage accounts with JPMS.  For instance, between March 2017 and July 2020, Bodea opened three additional brokerage accounts at JPMS.  By doing so, Bodea entered into additional contracts with JPMS, each of which contained largely identical language regarding cash sweep interest rates.  To the extent that the Agreements ever obligated JPMS to provide a rate different than the disclosed rate, plaintiffs ratified the disclosed rate by repeatedly entering into new contracts containing largely identical language.

**SIXTH DEFENSE**

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, by modification.  Until filing this lawsuit, Plaintiffs Bodea and Quigley never complained to JPMS about the interest rate paid on their uninvested cash that was swept pursuant to the Cash Sweep Programs, despite full knowledge of the rate at all relevant times.  And many putative class members never raised any concerns to JPMS regarding the interest rate paid on their uninvested cash that was swept pursuant to the Cash Sweep Programs.  To the extent that the Agreements ever obligated JPMS to provide a rate different than the disclosed rate, Plaintiffs and putative class members modified such contractual obligation via course of performance.

**SEVENTH DEFENSE**

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, by laches.  Plaintiffs allege that Defendants improperly paid the disputed rate beginning in 2018.  Plaintiffs and putative class members knew, or should

have known, the rate they were receiving and of JPMS's alleged breach during all relevant times since opening their accounts.  Despite this knowledge, Plaintiffs waited years before filing this lawsuit.  For example, Bodea waited more than eleven years since he opened his first JPMS brokerage account in 2014.  That delay prejudiced JPMS by causing JPMS to be exposed to additional alleged liability.

## EIGHTH DEFENSE

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, by the voluntary payment doctrine.  The Complaint alleges that Plaintiffs [and putative class members] deposited money into self-directed brokerage accounts and IRA or Roth IRA accounts and that participating customers' uninvested cash, was automatically swept to interest-bearing deposit accounts at JPMCB.  At all relevant times, Plaintiffs and putative class members had actual or constructive knowledge of the interest rate paid on their cash sweep deposit accounts via disclosures in their agreements with JPMS, public information, and their receipt of monthly account statements.  Plaintiffs and some putative class members nevertheless continued to participate in cash sweep—including by depositing additional money into relevant JPMS accounts and opening new accounts—without objection for years.  To the extent that Plaintiffs and putative class members voluntarily deposited funds into JPMS brokerage accounts, they may not now recover.

## NINTH DEFENSE

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, by estoppel.

### TENTH DEFENSE

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, by the accounts stated doctrine.

### ELEVENTH DEFENSE

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, because Plaintiffs have not sustained any injury or damages as a result of the conduct alleged in the Complaint.

### TWELFTH DEFENSE

Plaintiffs and putative class members that Plaintiffs seek to represent lack standing.

### THIRTEENTH DEFENSE

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, because any alleged harm was not directly or proximately caused by JPMS.

### FOURTEENTH DEFENSE

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, because the disclosure that rates will "vary based on business and economic conditions" at Chase Bank's "discretion" imposed no enforceable obligation on JPMS.

### FIFTEENTH  DEFENSE

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, because the disclosure that JPMS "may invest" uninvested cash in bank deposits at Chase Bank "bearing a reasonable rate" imposed no enforceable obligation on JPMS.

## SIXTEENTH DEFENSE

Plaintiffs' claims and the claims of any putative subclass members that Plaintiffs seek to represent are barred, in whole or in part, because Plaintiffs and putative subclass members received a reasonable rate of interest on retirement accounts.

## SEVENTEENTH DEFENSE

For breach of implied covenant, Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, because JPMS did not violate Plaintiffs' reasonable expectations.

## EIGHTEENTH DEFENSE

For breach of implied covenant, Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, by and/or inconsistent with the terms of the Agreements.

## NINETEENTH DEFENSE

This action cannot be maintained as a class action as a matter of fact and law.

## TWENTIETH DEFENSE

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, to the extent that they have agreed to arbitration, or to the extent they have agreed to any jury trial waivers, dispute resolution, arbitration, or limitations provisions.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, because the alleged damages, if any, are speculative, remote, conjectural, uncertain and cannot be practicably ascertained.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims and the claims of any putative class members that Plaintiffs seek to represent are barred, in whole or in part, because any alleged injury or damage suffered by Plaintiffs and putative class members would be adequately compensated in an action at law for damages. According, Plaintiffs and putative class members have a complete and adequate remedy at law and are not entitled to equitable relief.

## TWENTY-THIRD DEFENSE

Plaintiffs and putative class members that Plaintiffs seek to represent are not entitled to recovery of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, for all of the above listed reasons, JPMS respectfully requests that this Court:

1. Dismiss Plaintiffs' Complaint and all remaining claims therein with prejudice, and enter judgment in favor of JPMS and against Plaintiffs on all claims

2. Deny certification of Plaintiffs' alleged class;

3. Award JPMS all of its reasonable costs and expenses, including attorneys' fees, to the extent permitted by law; and

4. Grant such further and other relief as the Court deems appropriate.

Dated: February 26, 2026
New York, New York

*/s/ Jayant W. Tambe*
Jayant W. Tambe
Laura Washington Sawyer
Céalagh Fitzpatrick
Meredith Christian
JONES DAY
250 Vesey Street New York, New York 10281
Telephone: (212) 326-3939
Fax: (212) 755-7306
jtambe@jonesday.com
lwsawyer@jonesday.com
cfitzpatrick@jonesday.com
mchristian@jonesday.com

*Counsel for Defendant J.P. Morgan Securities LLC*