

**MICHAEL DELL'ANGELO**
*EXECUTIVE SHAREHOLDER & GENERAL COUNSEL*
**d** 215.875.3080 | mdellangelo@bergermontague.com

May 18, 2026

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
for the Southern District of New York
40 Foley Square, Room 430
New York, NY 10007

A conference will be held **June 9, 2026, at 3:15 P.M.**, to address Plaintiffs' anticipated motion.  The conference will be held in person at the Thurgood Marshall United States Courthouse, Room 1106, 40 Foley Square, New York, New York.  **SO ORDERED.**

Dated: May 19, 2026
       New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

Re:    *In re JP Morgan Chase Cash Sweep Program*, No. 1:24-cv-06404-LGS-SN

Dear Judge Schofield:

Pursuant to Rule III.A.1 of this Court's Individual Rules, Plaintiffs respectfully request a pre-motion conference regarding their anticipated motion for class certification.

**JPMorgan Uniformly Breached Its Obligations to the Class**

As this Court stated at the initial pre-trial conference, this dispute presents "***an unusually easy case for class certification***." Dkt. 80 at 3:10-21. Since then, two courts in this District have granted class certification in similar cash sweep cases. *Liberty Cap. Grp. v. Oppenheimer & Co.*, 811 F. Supp. 3d 647 (S.D.N.Y. 2025); *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 2026 WL 534287 (S.D.N.Y. Feb. 26, 2026).

This action arises from JPMorgan's systematic underpayment of interest on client cash balances. JPMorgan automatically "sweeps" uninvested cash into a bank deposit account at JPMorgan Chase Bank N.A.—the only sweep option.

On February 2, 2026, this Court substantially denied Defendant's motion to dismiss, holding JPMorgan's promises that rates "***will vary based on business and economic conditions***" and that retirement accountholders were entitled to a "***reasonable rate of interest***" were enforceable. Dkt. 147 at 12-17. Contrary to these promises, a key rate-setting JPMorgan executive told colleagues that, ███████████████████████████ JPMCashSweep_00109730. JPMorgan kept rates at 0.01% from June 2020 through the present while the Federal Funds Rate soared to over 5%.

Plaintiffs have diligently pursued discovery, obtaining over 176,000 documents and written discovery supporting their claims, and have produced documents and sat for depositions.

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103
215.875.3000 | BERGERMONTAGUE.COM



Plaintiffs now seek to move to certify the following Class pursuant to Rule 23, with certain exclusions to be set forth in Plaintiffs' motion:

> Clients of J.P. Morgan Securities LLC ("JPMorgan") who had cash deposits or balances in the Chase Deposit Sweep – IRA (ADP: A000CU7), JPMorgan Deposit Sweep – IRA (ADP: A000CU8), Chase Deposit Sweep (ADP: A000CF1), or JPMorgan Deposit Sweep (ADP: A000CF2) cash sweep ADPs from August 24, 2018 until the unlawful conduct alleged herein ceases; and

> Clients of JPMorgan who had cash deposits or balances in the JPMORGAN DEPOSIT ACCT B BROKERAGE NON RET JPMC BANK NA (ADP: A000AV4), JPMORGAN DEPOSIT ACCT D BROKERAGE RET JPMC BK NA (ADP: A000AV5), JPM DEPOSIT ACCT N BROKERAGE NON RET JPMC BK NA (ADP: A000MD5), or JPM DEPOSIT ACCT P BROKERAGE RET JPMC BK NA (ADP: A000MD7) cash sweep ADPs from March 5, 2020 until the unlawful conduct alleged herein ceases.

Plaintiffs also seek to certify a "Retirement Account Subclass" of JPMorgan retirement accountholders who were promised a "reasonable rate of interest" and had cash deposits or balances in the cash sweep ADPs above, for the same respective time periods and other conditions.[1]

**This Case Is Well-Suited for Class Treatment Under Rule 23**

**Numerosity.** Numerosity is presumed for classes larger than 40 members. *Penn. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir. 2014). The Class includes ▇▇▇▇▇▇▇▇ JPMorgan accounts. JPMCashSweep_00693949.

**Commonality.** Commonality is "a low hurdle," and a single common question suffices. *Sjunde AP-Fonden v. Goldman Sachs Grp., Inc.*, 798 F. Supp. 3d 416, 458 (S.D.N.Y. 2025). Common questions include whether JPMorgan's rates were reasonable, varied with "business and economic conditions," and whether JPMorgan breached its agreements. Commonality is satisfied because JPMorgan's "relevant promises appear in a single set of

---

[1] ADPs are codes JPMorgan used to identify internal sweep deposit accounts. Plaintiffs identified additional cash sweep ADPs through discovery (i.e., those in the second paragraph of the definition) and added them to the Class definition. These additional ADPs were subject to the same contractual language at issue in the Complaint, and all ADPs included in the Class had the same low interest rates since March 5, 2020. Although Plaintiffs believe their Complaint is broad enough to encompass these additional codes, even if it were not, the Court may certify a class broader than that set forth in Plaintiffs' Complaint (*e.g., In re Namenda Direct Purchaser Antitrust Litig.*, 331 F. Supp. 3d 152, 211 (S.D.N.Y. 2018)). Plaintiffs can file an amended Complaint to clarify the scope of the class in advance of moving for class certification if the Court prefers that procedure.



documents"—the form contracts governing the cash sweep program. *Oppenheimer*, 811 F. Supp. 3d at 658.

Plaintiffs' claims turn on classwide evidence of objectively unreasonable conduct, not subjective expectations. *Claridge v. N. Am. Power & Gas, LLC*, 2016 WL 7009062, at *6-7 (S.D.N.Y. Nov. 30, 2016) ("subjective interpretations of the phrase 'wholesale market rate'" did not defeat predominance in form contract case).

**Typicality.** Typicality is satisfied when "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009). All Class members' claims arise from JPMorgan's operation of the cash sweep program and failure to pay reasonable rates and/or rates that varied with business and economic conditions. *Oppenheimer*, 811 F. Supp. 3d at 660.

**Adequacy.** A class representative must "fairly and adequately protect the interests of the class." *Flag Telecom*, 574 F.3d at 35. Plaintiffs are JPMorgan accountholders who were paid unreasonably low rates, have no interests antagonistic to the Class and Subclass, and are diligently prosecuting this action. Counsel are "qualified, experienced, and able to conduct the litigation." *Flag Telecom*, 574 F.3d at 35.

**Predominance.** Predominance is met where common issues predominate over individual ones, and "does not require a plaintiff" "to prove that each element of her claim is susceptible to classwide proof." *In re Petrobras Sec. Litig.*, 862 F.3d 250, 268, 270 (2d Cir. 2017). Myriad legal and factual issues—including breach, reasonableness of rates, and damages—are common to the Class.

*Oppenheimer* and *Valelly* found predominance satisfied where "all potential class members participated in [cash sweep programs] subject to the same terms and conditions." *Oppenheimer*, 811 F. Supp. 3d at 663. JPMorgan's form contracts contain identical terms and present questions "that lend themselves to generalized forms of proof." *Valelly*, 2026 WL 534287, at *5.

Classwide damages are readily calculable. As Plaintiffs' expert will opine, "[e]ach class member's damages can be calculated by taking the 'reasonable rate' determined by the jury," or a rate the jury determines varies based on business and economic conditions, "and subtracting the rate paid to the class member." *Id.* at *6; *see also Oppenheimer*, 811 F. Supp. 3d at 663.

Defendant's anticipated affirmative defenses—including waiver, ratification, and mitigation—do not defeat predominance. *Oppenheimer*, 811 F. Supp. 3d at 665; *Valelly*, 2026 WL 534287, at *6, 8 & n.8. Nor do any statute-of-limitations defenses. *Bd. of Trs. of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 269 F.R.D. 340, 353 n.129 (S.D.N.Y. 2010).

**Superiority.** Superiority is met because the Class and Subclass are large, individual claims are too small to justify individual litigation, and concentrating the litigation is efficient. *Martinek v. AmTrust Fin. Servs., Inc.*, 2022 WL 326320, at *19 (S.D.N.Y. Feb. 3, 2022).



* * *

Plaintiffs respectfully request a conference concerning their anticipated motion to certify the Class and Retirement Account Subclass. We appreciate the Court's attention to this matter.

Respectfully submitted,

/s/ Michael Dell'Angelo

Michael Dell'Angelo (*pro hac vice*)
Alex B. Heller (*pro hac vice*)
Joel M. Sweet (*pro hac vice*)
Radha Nagamani Raghavan
Joseph E. Samuel, Jr. (*pro hac vice*)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
mdellangelo@bergermontague.com
aheller@bergermontague.com
jsweet@bergermontague.com
rraghavan@bergermontague.com
jsamuel@bergermontague.com

*Lead Counsel for Plaintiffs and the Proposed Class*

Salvatore J. Graziano
John Rizio-Hamilton
Adam H. Wierzbowski
Michael D. Blatchley
Emily A. Tu
**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
salvatore@blbglaw.com
johnr@blbglaw.com
adam@blbglaw.com
michaelb@blbglaw.com
emily.tu@blbglaw.com

*Local Counsel for Plaintiffs and the Proposed Class*