USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/14/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

**In re:**

**JP MORGAN CHASE CASH SWEEP PROGRAM**

-----------------------------------------------------------X

**24-CV-06404 (LGS)(SN)**

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On July 21, 2026, Plaintiffs filed a letter motion requesting an *in camera* review of two text messages and an attachment withheld by JPMorgan employee Andrew Fong. See ECF No. 196. Privacy Counsel to Mr. Fong opposed the motion, claiming that the at-issue communications were properly withheld based on the spousal privilege doctrine. See ECF No. 199. Defendant J.P. Morgan Securities LLC ("JPMS") also opposed the motion, primarily arguing that the communications are not relevant to the case. See ECF No. 200, at 1 ("The subjective views of a single employee have no bearing on the meaning of the disclosures at issue or JPMS's performance."). Plaintiff's request for an *in camera* review of Mr. Fong's withheld communications is DENIED.

Under New York law,[1] the spousal privilege applies to "(a) a communication, (b) induced by the marital relationship, (c) made in confidence, (d) during the marriage, if it is, (e) not waived and (f) not subject to an exception." Shih v. Petal Card, Inc., 565 F. Supp. 3d 557, 572 (S.D.N.Y. 2021) (internal quotation marks and citation omitted); see also N.Y. CPLR § 4502(b). "[T]he statute, having evolved from the absolute privilege at common law, creates a presumption that a spousal communication is privileged, and the party seeking disclosure of the

[1] The parties agree that New York law applies to this dispute. See ECF No. 199 at 1 n.1.

communication must rebut that presumption." Atl. Richfield Co. v. Triad Petroleum, Inc., 113 F.R.D. 686, 687 (S.D.N.Y. 1987). The spousal privilege does not apply in certain limited circumstances, such as where communications concern "'ordinary business matters,' which would have been made even if a third party were present." Id. (citing Parkhurst v. Berdell, 110 N.Y. 386, 394 (1888)); see also Matter of Vanderbilt (Rosner-Hickey), 57 N.Y.2d 66, 74 (1982) (finding that the spousal privilege does not apply "when the substance of [the] communication . . . is revealed to third parties"); People v. Melski, 10 N.Y.2d 78, 80–81 (1961) (explaining that the spousal privilege does not attach to communications involving "unfounded accusations of adultery or other abusive language"). The burden to rebut the spousal privilege presumption is on the party seeking disclosure of the privileged communication. See Atl. Richfield, 113 F.R.D. at 687.

Plaintiffs have failed to meet their burden and have not sufficiently shown that an *in camera* review of Mr. Fong's communications is warranted. See Davis v. City of New York, No. 10-CV-699 (SAS)(HBP), 2012 WL 612794, at *6 n.9 (S.D.N.Y. Feb. 27, 2012) ("*[I]n camera* review of documents withheld on the ground of privilege is only conducted in exceptional cases."). Mr. Fong's privilege log provides that the two withheld messages and an associated attachment were exchanged only between Mr. Fong and his wife, Andrea Fong. See ECF No. 193-3 at 2. As represented by Mr. Fong's counsel, Mr. and Ms. Fong were married at the time that the messages were sent, they intended their text messages to be confidential, and they did not disclose their messages to any third party. See ECF No. 199 at 1–2. Because the messages were sent between spouses and in the absence of any third party, the spousal privilege presumption strongly supports withholding the two messages and the associated attachment.

Plaintiffs, however, claim that the spousal privilege should not apply because Mr. Fong has not established that the messages were "induced by the marital relationship" or "made in confidence." See ECF No. 196 at 4. Specifically, Plaintiffs contend that the surrounding circumstances (namely, Mr. and Ms. Fong's alleged similar roles at separate financial institutions, and Mr. Fong's responsive text messages with certain JPMorgan employees during the same period) suggest that the withheld messages concerned "business matters" that fall outside of the spousal privilege doctrine. See id. at 2–4. The marital privilege, however, can protect confidential communications between spouses about their jobs. See, e.g., Atl. Richfield, 113 F.R.D. at 687–88 (recognizing that certain privileged conversations "about business matters [are] only had because of the husband-wife relationship"); Smartmatic USA Corp. v. Fox Corp., 227 A.D.3d 578, 579 (1st Dep't 2024) (noting that there is no "legal or practical basis for finding that one spouse's discussion of what was happening at work would automatically destroy the spousal privilege"). Thus, the assumption that Mr. Fong was discussing work with his wife does not in any way undermine his privilege assertion.

Plaintiffs, moreover, have failed to present any evidence of the circumstances of the conversations which might show the lack of confidentiality. Indeed, the limited available evidence is to the contrary: attached to one of the text messages is purportedly a "selfie" that Mrs. Fong sent to her husband. See ECF No. 199 at 2. The private nature of that attachment further supports an inference that the associated message was "induced by the marital relation and prompted by the affection, confidence and loyalty engendered by such relationship." Carver Fed. Sav. Bank v. Shaker Gardens, Inc., 167 A.D.3d 1337, 1343 (3d Dep't 2018) (quoting People v. Fediuk, 66 N.Y.2d 881, 883 (1985)). Although Plaintiffs complain that Mr. Fong's lawyer directed him not to answer questions about his marital communications made in the presence of

third parties, Plaintiffs do not cite to anything in the deposition transcript, including even unanswered question, to suggest that they attempted to develop the record to establish that these specific text communications were not privileged. See Atl. Richfield, 113 F.R.D. at 687 (finding that party failed to rebut the presumption of confidentiality by offering no evidence of the circumstances of the conversations to suggest that they "truly were ordinary business conversations not induced by the marital relationship [that] would have been held or were held in the presence of third parties"). Thus, Plaintiffs have not met their burden, and the Court will not order an *in camera* review of Mr. Fong's presumptively privileged messages with his wife.

**CONCLUSION**

Plaintiffs' request for an *in camera* review of Mr. Fong's withheld text messages is DENIED. By no later than Friday, August 21, 2026, the parties shall meet and confer and file a joint letter indicating whether the parties wish to unseal the associated letter and exhibits filed at ECF No. 196.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: August 14, 2026
New York, New York