USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/3/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

**In re:**

**JP MORGAN CHASE CASH SWEEP PROGRAM**

-----------------------------------------------------------X

**24-CV-06404 (LGS)(SN)**

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On August 10, 2026, Defendants filed a motion to quash various subpoenas that Plaintiffs recently served on eight JPMorgan employees (Angelena Mascilli, Stephen Baron, Borbala Cox, Steve Goodman, Charles Heiden, Brian Patt, Darin Grimm, and Kristin Lemkau) and three cell phone service providers (T Mobile US, Inc., Verizon Communications, Inc., and AT&T Inc). See ECF No. 201. Plaintiffs are seeking discovery related to whether the subpoenaed employees discussed the cash sweep program at issue in this case using their personal devices or accounts. Id.

Following the meet and confer process, Plaintiffs withdrew two subpoenas (Borbala Cox and Angelena Mascilli) and proposed to hold three other employee subpoenas (Charles Heiden, Brian Patt, and Darin Grimm) and the three phone service provider subpoenas in abeyance pending the Court's guidance. See ECF No. 214. Plaintiffs, however, maintained their subpoenas served on the following three individuals: Kristin Lemkau, Steve Goodman, and Stevie Baron. Id. Plaintiffs primarily stood on these three subpoenas because these individuals testified during their depositions that they used a personal device to communicate with colleagues about JPMorgan business. Id. The Court held a discovery conference on Tuesday, September 1, 2026, to discuss Defendants' motion to quash, along with a separate dispute raised by Plaintiffs

regarding discovery into JPMorgan's recent disclosure amendments. See ECF No. 215. The Court denied Plaintiffs' motion regarding the disclosure amendments from the bench and took the parties' arguments regarding Defendants' motion to quash under advisement. After considering the parties' arguments, the Court GRANTS Defendants' motion to quash the non-party subpoenas. The Court therefore also grants the motion to quash the provider subpoenas.

**DISCUSSION**

When assessing whether to permit discovery into non-party personal devices or accounts, "[t]he privacy interests of innocent third parties . . . weigh[s] heavily in [the] court's balancing equation." Mujae Grp., Inc. v. Spotify USA Inc., No. 20-CV-6719 (AKH), 2021 WL 3417485, at *1 (S.D.N.Y. June 30, 2021) (quoting Application of Newsday, Inc., 895 F.2d 74, 79–80 (2d Cir. 1990)). The burden is on the moving party to establish that the information they seek is "relevant and material to the allegations and claims at issue in" the case, Night Hawk Ltd. v. Briarpatch Ltd., L.P., No. 03-CV-1382 (RWS), 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003), and that the subpoenas are proportional to the needs of the case. See Burns v. Bank of Am., No. 03-CV-1685 (RMB)(JCF), 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (citing Fed. R. Civ. P. 26(b)(2)(C)). Plaintiffs, however, failed to meet this burden.

Plaintiffs largely speculate that because certain employees testified that they used their personal devices to communicate with other JPMorgan employees, that they might have used their personal devices to message about the cash sweep programs at issue in this case. But the available record does not support this assumption, as multiple of the subpoenaed employees testified that they did not use their personal devices to communicate about any substantive work-related matters, let alone for anything related to the cash sweep program. See, e.g., ECF No. 201-3, Baron Deposition Tr. at 279:16–280:7 (testifying that he texted other JPMS employees using

his personal device for "administrative purposes" only, such as telling his assistant "where the offices were" located); ECF No. 201-4, Goodman Deposition Tr. at 31:21–24, 35:16–19 (stating that he texted other employees for administrative purposes, such as if he was running late for a meeting, or for personal matters, such as wishing employees a great holiday).

Without additional proof indicating that the subpoenaed individuals used their personal devices to correspond about substantive business matters, Plaintiffs' speculation is insufficient to justify such invasive discovery from non-parties. See, e.g., Gonzalez v. Allied Concrete Indus., Inc., No. 14-CV-4771 (JFB)(AKT), 2016 WL 4444789, at *4 (E.D.N.Y. Aug. 23, 2016) (denying defendants' motion to compel production of plaintiff's personal cell phone records because defendants "merely speculate" that plaintiff's cell phone records would lead to promising evidence). Plaintiffs' counsel's proposal, made during oral argument, to narrow the search of these three witnesses' devices to only communications with approximately 10-15 JPMorgan employees during the relevant period, to be reviewed first by the witnesses' counsel, does not change the calculation. Such communications are still likely to reveal private matters, and there is no foundation to suggest that the witnesses discussed the cash sweep program through these channels.

In the alternative, Plaintiffs' discovery request is denied because the discovery period is now closed and permitting such non-party discovery would necessitate reopening discovery and would undoubtedly lead to additional motion practice. Plaintiffs cannot establish good cause to modify the discovery schedule for the reasons stated above and because the discovery sought is not proportional to the needs of the case. If they existed, any potentially related message from an individual non-party employee would be hearsay and would not be probative to the central

question of whether JP Morgan Securities LLC promised customers a deposit sweep rate other than the rate it disclosed and paid.

## CONCLUSION

Defendants' motion to quash Plaintiffs' non-party subpoenas and provider subpoenas is GRANTED. The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 201, 204, and 206.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: September 3, 2026
New York, New York