UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE JP MORGAN CHASE CASH SWEEP PROGRAM. | : | 24 Civ. 6404 (LGS)<br><br>**ORDER** |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the parties move to seal certain documents filed in connection with Plaintiffs' motion for class certification.

WHEREAS, on June 1, 2026, Defendant JP Morgan Securities LLC ("JPMS") moved to seal its letter in opposition to Plaintiffs' pre-motion letter ("Defendant's Opposition Letter"). Defendant took no position on the propriety of sealing. On June 3, 2026, Plaintiffs filed a letter motion to redact and maintain under seal portions of Defendant's Opposition Letter. Defendant does not oppose Plaintiffs' request but maintains, contrary to Plaintiffs' argument, that "all the information in [Defendant's Opposition Letter] is relevant to the issues in this case, regardless of whether Plaintiffs designated that information 'Confidential.'" Defendant's motion is denied as moot in light of Plaintiff's motion.

WHEREAS, on July 6, 2026, Defendant filed a motion to seal the corrected memorandum of law and exhibits filed in support of Plaintiffs' motion for class certification (the "Memorandum of Law" and "Exhibits," respectively). Defendant proposed redactions to the Memorandum of Law and Exhibits 1-4, 7, 12 and 14; and proposed to seal in full Exhibits 6, 8, 9, 11 and 13. Defendant does not seek to seal Exhibits 5 and 10.

WHEREAS, for the reasons below, Plaintiffs' motion is denied without prejudice to renewal, and Defendant's remaining motion is granted in part and denied in part without prejudice to renewal.

**Applicable Law**

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first step is to determine whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process."[1] *Lugosch*, 435 F.3d at 119. The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120.

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include "personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information." *Averbach v. Cairo Amman Bank,* No. 19 Civ. 4, 2023 WL 4144758, at *2 (S.D.N.Y. June 23, 2023).

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

WHEREAS, in weighing the presumption of public access against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120.

**Plaintiffs' Motion to Seal Defendant's Opposition Letter**

WHEREAS, Plaintiffs' motion to seal Defendant's Opposition Letter is denied without prejudice to renewal because Plaintiffs have not met their burden to demonstrate that their proposed redactions are narrowly tailored to protect privacy interests that overcome the presumption of public access.

WHEREAS, Defendant's Opposition Letter is a judicial document to which a presumption of public access attaches. *Frontpoint Australian Opportunities Tr. v. UBS AG*, No. 13 Civ. 2811, 2026 WL 1480570, at *1-2 (S.D.N.Y. May 27, 2026) (finding that "pre-motion letters" are "judicial documents" entitled to a "presumption of public access"); *Johnson v. Esports Ent. Grp., Inc.*, No. 22 Civ. 10861, 2023 WL 6035668, at *2 (S.D.N.Y. Sept. 14, 2023) (same).

WHEREAS, one consideration that may override the presumption of public access is a "personal privacy interest" in financial information. *Averbach*, 2023 WL 4144758, at *2-3. Financial information is properly sealable, particularly where such information "could be misused if publicly released" or "cause a personal safety issue or embarrassment to the customer." *Id.* at *3. Plaintiffs' proposed redactions include (1) "specific dollar amounts regarding Plaintiffs' account balances and specific transactions" and (2) discussions of Plaintiffs' financial dealings and accounts with institutions other than JPMS.

WHEREAS, Plaintiffs provide insufficient detail to show that competing considerations outweigh the presumption of public access. First, Plaintiffs have not demonstrated that sealing is "narrowly tailored" to protect their asserted privacy interests. *Lugosch*, 435 F.3d at 124. Plaintiffs seek to redact nearly all of Defendant's arguments about Plaintiffs' asserted failures to mitigate. Plaintiffs' proposed redactions exceed specific financial figures and customer information. Second, Plaintiffs do not explain how the information they seek to redact will result in harm if unsealed, except to state that the material is "sensitive personal financial information." This is a "[v]ague and conclusory allegation[] of potential harm," which is "insufficient to establish good cause" for sealing. *Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902, 2015 WL 1841136, at *17 (S.D.N.Y. Apr. 17, 2015).

**<u>Defendant's Motion to Seal the Memorandum of Law and Exhibits</u>**

WHEREAS, Defendant's motion to seal the Memorandum of Law and certain Exhibits is granted in part and denied in part without prejudice to renewal. The Memorandum of Law and Exhibits filed in support of class certification are judicial documents to which a strong presumption of public access attaches because they are "used to determine litigants' substantive legal rights." *See McKoy v. Trump Corp.*, No. 18 Civ. 9936, 2024 WL 449979, at *2 (S.D.N.Y. Feb. 6, 2024).

WHEREAS, Defendant seeks primarily to seal sensitive commercial information such as "sensitive pricing data," "confidential strategies for attracting deposits from high-net-worth customers" and internal strategic discussions.

WHEREAS, Defendant's motion to seal the Memorandum of Law is denied without prejudice to renewal because the proposed redactions are not narrowly tailored to protect JPMS's asserted interests. For example, while many of the proposed redactions appear to reflect JPMS's

strategy and rate-setting methodology, Defendant seeks to redact not only the substance of strategic discussions but also the identities of personnel involved in certain decisions. Defendant also does not explain how disclosure of these strategic discussions, the most recent of which occurred in 2022, would disadvantage JPMS now, four years later. These redactions do not appear to be narrowly tailored.

WHEREAS, Defendant's motion to seal is granted as to Exhibits 1, 2 and 7. For substantially the reasons in Defendant's memorandum, the proposed redactions are narrowly tailored to protect against competitive harm and the privacy interests of the parties, which outweighs the presumption of access accorded to the documents.

WHEREAS, Defendant's motion to redact Exhibit 3, which is an internal chat between JPMS employees, is denied without prejudice to renewal. For this exhibit, Defendant seeks to redact "only material not cited in [the Memorandum of Law]" and employees' phone numbers. While redaction is warranted as to employees' phone numbers, Defendant does not explain why the material not cited in the Memorandum of Law is properly sealable. Nor is it apparent that all of the information sought to be redacted is, for example, confidential pricing information, internal strategic discussion or other information that Defendant asserts is properly sealable.

WHEREAS, Defendant's motion to redact Exhibit 4, which is an expert report, is denied without prejudice to renewal because Defendant does not demonstrate that all of the redactions are warranted to protect JMPS's sensitive commercial information. In particular, on page fifteen of the expert report, Defendant seeks to redact, among other things, an employee's statement: "There's no 'friendly' way of saying we are screwing clients," which is already unredacted on the public docket in the Memorandum of Law and the unredacted and already public portion of Exhibit 3.

WHEREAS, Defendant's motion to redact Exhibits 12 and 14, which are deposition transcripts, is denied without prejudice to renewal because Defendant does not provide any specific justification for the proposed redactions, nor is it apparent which, if any, of Defendant's asserted justifications for sealing might apply.

WHEREAS, Defendant's motion to seal in full Exhibits 6, 8, 9, 11 and 13 is denied without prejudice to renewal because Defendant's justifications do not warrant sealing the entirety of each document. For example, Exhibit 6, which is a slide deck, appears to contain sensitive competitive analysis but also contains general descriptions of cash sweep programs that do not appear to be confidential or commercially sensitive. Exhibit 8 is an internal chat and Exhibits 9, 11 and 13 are email threads, all of which similarly appear to contain only some properly sealable information. It is hereby

**ORDERED** that Defendant's motion to seal Defendant's Opposition Letter is **DENIED** as moot. Plaintiffs' motion to seal Defendant's Opposition Letter is **DENIED** without prejudice to renewal. By **September 21, 2026**, Plaintiffs may file a renewed motion proposing specific, narrowly tailored redactions with justifications for the proposals. It is further

**ORDERED** that Defendant's motion to seal is **GRANTED** in part as to Exhibits 1, 2 and 7 and **DENIED** in part without prejudice to renewal as to the Memorandum of Law and Exhibits 3, 4, 6, 8, 9 and 11-14. By **September 21, 2026**, Defendant may file a renewed motion proposing specific, narrowly tailored redactions with justifications for the proposals. It is further

**ORDERED** that the documents currently filed under seal shall remain under seal except Dkt. Nos. 184-5 and 184-10.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 163 and 187 and to lift the seal on Dkt. Nos. 184-5 and 184-10.

Dated: September 9, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**